LETHBRIDGE *v.* MAYOR, ETC., OF CITY OF NEW YORK.

*(Superior Court of New York City, General Term.  July 2, 1891.)*

MUNICIPAL CORPORATIONS—SUSPENSION OF CLERK—COMPENSATION.

A person who has been appointed clerk in one of the departments of New York city, after an examination under the civil service law, cannot lawfully be suspended, so as to deprive him of his compensation, and it is immaterial that no appropriation has been made for the expenses of such department. *Mullen* v. *Mayor*, etc., 12 N. Y. Supp. 269; *Emmitt* v. *Same*, 13 N. Y. Supp. 887; *Phelan* v. *Same*, 14 N. Y. Supp. 785,—followed.

Appeal from special term.

Action by Eugene Lethbridge against the mayor, etc., of New York city. The following opinion was filed by McADAM, J., before whom the case was tried without a jury:

"There was an appropriation sufficient to cover all the expenses of the department of public works at the time the plaintiff was appointed to the clerkship therein, so that the appointment was a valid exercise of power by the commissioner. The plaintiff passed the requisite civil service examination. This fact, though not alleged in the complaint, was proved under objection. It was not necessary to allege it specifically. The general allegation that the plaintiff was 'duly appointed' embraced whatever was necessary to a legal appointment. *Omnia præsumunter rite et solemnitur esse acta.* Having been legally appointed, he could not be lawfully removed until he had been informed of the cause, and allowed an opportunity of being heard. Consolidation Act 1882, § 48. The fact that the appropriation is exhausted may furnish proper cause for discharge. *Dunphy* v. *Mayor*, etc., 8 Hun, 479. But the power of removal for this cause, or any other, was not exercised in the present instance. The notice served stated that the plaintiff was suspended. 'Suspension' means a temporary interruption or cessation of labor. The phrase 'removal' means a discharge; the act of removing from office, or putting an end to an employment. If the notice served on the plaintiff was intended to operate as a discharge, the use of an inapposite term effectually frustrated the commissioner's intention. The power to remove conferred by the statute does not include authority to suspend, and the alleged suspension is therefore inoperative. *Gregory* v. *Mayor, etc.*, 113 N. Y. 416, 21 N. E. Rep. 119. The so-called 'suspension' was in consequence of an alleged insufficient appropriation, but the allegation was untrue, as there was unexpended, of the appropriation, $116.89, as late as December 31, 1887, so that want of appropriation could not have been truthfully presented in January, 1887, even as ground for removal. The appointment, though for no specific period, was not temporary in its character. The salary was not so much a day, a week, or month, but $1,000 per year, indicating a regular clerkship that was to continue until cause for removal arose and the power of removal was exercised. Consolidation Act 1882, § 48, *supra*. In this respect the case differs from *Dunphy* v. *Mayor, etc.*, *supra*, in which the appointee was removable at pleasure. The defendant claims that the plaintiff acquiesced in his alleged suspension, and treated it as a removal. There is no proof of this. A man put out does not acquiesce by omitting to force his way back. If an officer takes a man by the collar, he does not acquiesce by passive physical non-resistance. Resistance is at times criminal. The acquiescence that evidences the abandonment of a public office must be consent, freely expressed, the acceptance of incompatible employment, formal resignation, removal from the state, or some such affirmative act, so repugnant to the existence of incumbency as to demonstrate that abandonment was intended. The term

' abandon ' includes the intention and the external act by which it is carried into effect.   To constitute an abandonment of a right, there must be an unequivocal and decisive act of the party, showing a determination not to have the benefit designed.   And. Law. Dict. p. 2.   There was no such act or intention here.   The plaintiff endeavored to return, but was refused permission to work, and told that he would not be permitted to come back.   He could do no more.   He was not obliged to remain idle and suffer from want, and had the right to accept temporary employment to relieve his necessities.   The salary of the office was an incident to it, and followed the legal title which remained in the plaintiff.   *People* v. *Smyth*, 28 Cal. 21; *Same* v. *Oulton*, Id. 44.   The plaintiff being legally in the office, it was the duty of the municipality to provide for the payment of his salary until he was legally removed from it, and, if it neglected to perform that duty, the failure furnishes no defense.   Want of the necessary appropriation may disable a department from making a valid contract or appointment, (Consolidation Act 1882, §§ 46, 47,) but, when a valid and binding contract is once made, it is difficult to see how municipal neglect to raise or appropriate the money to discharge it constitutes a legal or meritorious defense to its enforcement.   The salary up to the time the claim was presented for payment to the comptroller aggregates $2,552.25, and from this must be deducted the $600 earned from the temporary employments obtained by the plaintiff during the period for which compensation is claimed, leaving $1,952.25 due, for which amount the plaintiff is entitled to judgment, with costs."

Both parties appeal.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*B. C. Chetwood*, for plaintiff.   *William H. Clark*, (*Sidney J. Cowen*, of counsel,) for defendants.

FREEDMAN, J.   The plaintiff was appointed May 15, 1886, a clerk in the department of public works of the city of New York at a salary of $1,000 per annum.   He served until January 20, 1887, when he was suspended from his position by a written communication from the commissioner then in office. From that day he has not been allowed to do any work for the city, although he applied repeatedly to be allowed to return to work.   The action is brought for the recovery of the salary for two years and about six months subsequent to his suspension.   The evidence shows neither a discharge nor an abandonment or relinquishment of the office, and inasmuch as under the decision of the court of appeals in *Gregory* v. *Mayor, etc.*, 113 N. Y. 416, 21 N. E. Rep. 119, and the decisions of the general terms of the supreme court and of this court in the *Aqueduct Cases*, [1] I am compelled to hold that the power of suspension did not exist, the plaintiff was entitled to recover.   The failure to make an appropriation constitutes no defense.   All the questions presented on defendants' appeal are discussed at length in the able opinion rendered by the learned judge below, and it is not necessary to add anything to the reasons there assigned.   The only error committed by the trial judge consists in the deduction of the sum of $600 earned by the plaintiff from temporary employments during the period for which salary was claimed.   Under the decision of the court of appeals in *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536, 7 N. E. Rep. 787, this deduction was unauthorized.   The plaintiff is therefore entitled to prevail on his appeal.   The judgment should be amended by adding the $600 deducted, and as so amended affirmed, with costs to the plaintiff.   All concur.

[1] See Mullen v. Mayor, etc., 12 N. Y. Supp. 269; Emmitt v. Mayor, etc., 13 N. Y. Supp. 887; Phelan v. Mayor, etc., 14 N. Y. Supp. 785.