(114 N. W. 724.)

---

C. A. Morton, et al., Plaintiffs and Appellants, v. James Holes et al., as Members of the Board of Supervisors of Fargo Township, and James Kennedy, Defendants and Respondents.

Opinion filed February 14, 1908.

#### Constitutional Law — Illegal Discrimination — Delegation of Legislative Powers.

Chapter 252, page 389, Laws 1907, entitled "An act to provide for paving, curbing or macadamizing the highways in civil townships adjoining incorporated cities of not less than 6,000 inhabitants, and for the construction of sewers and water mains therein connecting with city sewers and water mains or with their own trunk sewers, and for the construction of sidewalks," is *held* to be unconstitutional and void upon the grounds:

First, that it constitutes an unwarranted and illegal discrimination between individuals affected thereby; and

Second, it attempts to delegate legislative powers to individual property owners on certain highways in such townships.

Appeal from District Court, Cass county; *Pollock, J.*

Action by C. A. Morton and others against James Holes and others. Judgment for defendants, and plaintiff's appeal.

Reversed and remanded.

*Engerud, Holt & Frame,* for appellants.

The act infringes the constitutional provision against special legislation. Beleal v. N. P. Ry. Co. 15 N. D. 318, 108 N. W. 33.

Assessment is the exercise of the taxing power. Cooley on Taxation (3rd Ed.) 1181.

Taxing power can be delegated only to a local representative body. Vallely v. Park Com. 16 N. D. 25, 111 N. W. 615; Bradshaw v. Lankford, 11 L. R. A. 582; Shumway v. Bennett, 29 Mich. 451; Cooley Const. Lim. 163, et seq.

Constitutionality of a law is tested not by what is, but what may be done under it. State v. Stark Co., 14 N. D. 368; 103 N. W. 913; Stewart v. Palmer, 74 N. Y. 183.

*W. C. Resser,* for respondent.

Board can create sewer improvement districts. Webster v. Fargo, 9 N. D. 308, 82 N. W. 732.

Police power and taxation for local improvement are subjects of legislative will. Paulson v. City of Portland, 149 U. S. 30, 37 L. Ed. 29; Willard v. Presbury, 81 U. S. 676, 20 L. Ed. 719; Spencer v. Merchant, 125 U. S. 345, 31 L. Ed. 763; Webster v Fargo, supra.

Special assessments for local improvements are laid under the police, not taxing power. Hamilton's Law on Special Assessments, Sec. 40; Cooley on Taxation (3rd Ed.) 1128; Van Wagner v. Paterson, 67 N. J. L. 455; Adams v. Fisher, 63 Tex. 651; Arnold v. Knoxville, 3 L. R. A. 837; State v. Mayor of Des Moines, 72 N. W. 639.

Fisk, J. The sole question involved on this appeal is the constitutionality of chapter 252, p. 389, Laws 1907. This act provides for the making of certain public improvements, such as paving or macadamizing the highways, the construction of sewers, water mains, sidewalks, etc., in those civil townships adjacent to incorporated cities containing at least 6,000 inhabitants, and providing for the payment thereof. The respondents other than Kennedy are

members of the board of supervisors of Fargo township, which township is adjacent to the city of Fargo on the north, and is within the terms of said act. It is conceded that these respondents as such supervisors, acting strictly within the terms of said statute, proceeded in the summer of 1907 to create a sewer district in said township, and, pursuant to a petition theretofore duly filed, ordered the construction of, and contracted with respondent Kennedy for the construction of a trunk sewer therein, at a cost of about $10,000 and a lateral sewer therein at a cost of about $6,000; also entered into a contract for the paving and curbing of the highway known as North Broadway at a probable expense of $40,000. It is conceded that the intention of the respondent supervisors is to pay the entire expense of such improvements by special assessments upon the property benefited thereby. Appellants brought this action to have the proceedings of the board of supervisors taken under said statute as aforesaid adjudged to be null and void, and to perpetually enjoin defendants from proceeding further with such contemplated improvements. The complaint contains two causes of action alleging all the facts necessary to entitle plaintiffs to the relief demanded upon the theory of the unconstitutionality of said statute. Defendants interposed a general demurrer to the complaint upon the ground that such complaint fails to allege facts sufficient to constitute a cause of action. The trial court made its order sustaining this demurrer, and from such order this appeal is prosecuted.

Counsel for appellants concede that the law in question is not open to the objection that it attempts as between the townships of the state to make an unlawful discrimination by the classification thereof; but they assert that the same creates an unfair and unreasonable discrimination between the property owners within such townships, and hence that it violates the constitutional inhibitions against special legislation found in sections 11, 20 and 69, par. 4, of our Constitution. These sections are as follows:

Section 11: "All laws of a general nature shall have a uniform operation."

Section 20: "Nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens."

Section 69, par. 4: "Special laws shall not be passed regulating township affairs, or [paragraph 23] for the assessment or collection of taxes."

Does the act in question contravene any of the above constitu·
tional mandates? If so, the same is null and void, and the demurrer
should have been overruled.

Section 1 provides, in substance, as follows: "Any civil township
in this state adjoining an incorporated city having at least 6,000 in-
habitants, and which shall have paved, graded, curbed or macad-
amized its streets leading to the boundaries of such civil township,
or shall have constructed sewers or water mains in such streets, may
pave grade or macadamize the highways of such township con-
necting with such city streets or with such highways so paved, or
highways running along the boundaries of such city, or construct
sewers or water mains therein as provided by this act.   *   *   *"

Section 2: "Whenever the owners of real property abutting on
such highway * * * and representing a majority by feet of the
frontage of said property, shall desire to improve such street or
highway as herein provided, they shall petition the board of super-
visors * * * setting forth and describing specifically * * * the kind,
character and extent of the improvement desired, specifying the
width and material of pavement, if any, and the size and material
of any lateral sewers or water mains, the number and location of
manholes and catch basins for such sewers, and the number and
location of fire hydrants for such water mains * * * which petition
shall be filed in the office of the township clerk.  In the case of
trunk sewers, the board shall by majority vote order and construct
the same, whenever a majority petition is presented for the construc-
tion of lateral sewers that cannot be connected with the city sewers."

Section 6: "The board shall deem it necessary when a majority
petition, above provided for, shall be filed, to construct or alter any
sewer or open, widen, extend, pave, etc., any street, alley, avenue,
lane, highway or other public ground within the township limits,
or to extend, relay or replace any sewer and watermain. * * *"

Section 7: "After the plans, specifications and estimate mention-
ed in the preceding section shall have been filed in the office of the
township clerk, the board shall, by resolution, declare such work or
improvement necessary to be done according to such plans and
specifications. * * *"

· It will be seen by the foregoing sections that the owners of prop-
erty abutting on the highways mentioned in section one are granted
rights and privileges which are not granted to other property owners
in the township similarly situated.  These first-mentioned persons

are given the right under the statute to compel the making of such improvements, and not only this, but they are given the right to absolutely dictate the nature and extent of such improvements. As to the improvements petitioned for by them, the board of supervisors has no discretion or control, while, on the other hand, the property owners on other highways in the township are given no such rights, although the necessity for such improvements may be equally urgent and desirable. As aptly stated by appellants' counsel: "The Broadway property owners are given the right to compel the construction of such improvements as they designate in their petition. Their neighbors, however, who do not own property on Broadway, have no such valuable right. They can get such improvements only as the supervisors see fit to grant. They must depend upon the good will of the supervisors to obtain as a favor those things which their Broadway neighbors can demand as a right." The mere statement of the situation demonstrates to our minds the manifest unfairness and unreasonableness of such discrimination; and, when we consider the fact that under its provisions many property owners in a township may, as is the fact with these appellants, be required to contribute to the expense of such improvements without any voice in determining the necessity therefor, or the nature and extent thereof, we have but little difficulty in reaching the conclusion, which we do, that said statute is unconstitutional and void, as an unjust and unwarranted discrimination.

Upon what theory or principle can it be said that a few property owners upon one highway in a township may be vested with rights and privileges which are withheld from their neighbors who are, so far as the necessity or desirability for such improvements are concerned, in a similar situation? Such a discrimination is clearly unreasonable and wholly arbitrary and capricious, and cannot be sanctioned by this court. The constitutional mandate against such unlawful discrimination is plain, and has repeatedly been recognized and enforced in this state. A mere reference to such cases will suffice, as the rule is fundamental. Beleal v. N. P. Ry. Co., 15 N. D. 318, 108 N. W. 33, and State v. Mayo, 15 N. D. 327, 108 N. W. 36, and cases cited.

Another ground urged against the validity of this law is that it constitutes an unlawful delegation of legislative power. We have carefully considered this contention, and see no escape from the logic of appellant's argument. It is, of course, well settled that the

function of deciding all matters relative to the public improvements such as are contemplated by the act in question are legislative in their character, and it is equally well settled that the legislative assembly to whom is delegated by the people all the legislative power of the state may, in local matters of an administrative character, delegate such legislative function to local authorities and boards; but it is also equally well settled that such power cannot be delegated to private individuals, or to any class of citizens in their individual capacity. 8 Cyc. 831, and cases cited; 6 Am. & Eng. Enc. Law,1021 et seq. and cases cited; Hutchinson v. Leimbach, 68 Kan. 37, 74 Pac. 598, 63 L. R. A. 630, 104 Am. St. Rep. 384; Wyandotte Co. v. Abbott, 52 Kan. 148, 34 Pac. 416; Board v. Common Council, 28 Mich. 228, 15 Am. Rep. 202; People v. Bennett, 29 Mich. 451, 18 Am. Rep. 107; Winters v. Hughes, 3 Utah, 443, 24 Pac. 759; Ohio, etc., R. Co. v. Todd, 12 Ky. Law Rep. 726, 15 S. W. 56; Parks v. Commissioners (C. C.) 61 Fed. 436; Cooley, Const. Lim. (7th Ed.) p. 163 et seq. The act in question is clearly within the class of legislation prohibited by the above rule, and cannot be distinguished on principle from the cases of Hutchinson v. Leimbach, Board v. Abbott, and Parks v. Commissioners, supra. The act in effect delegates to individual property owners on one highway in the township the legislative functions of determining whether the improvements shall be made, and of what they shall consist and this notwithstanding the fact that the cost thereof is not to be paid alone by such petitioners. The petitioners are expressly given the right to specify the "kind, character, and extent of the improvements desired, specifying the width and material of paving, if any, the size and nature of any lateral sewers or water mains, the number and location of manholes and catch basins, the number and location of fire hydrants,' etc., and section 6 of the act expressly makes it the duty of the board upon the filing of such petition to construct the improvements prayed for. The board has no discretionary powers in the matter, and is made the mere instrument of the law to carry out the will of such favored individuals. This is clearly, in effect, an unwarranted delegation of legislative power to individuals, and hence the law is unconstitutional and void. In Hutchinson v. Leimbach, supra, the Supreme Court of Kansas as late as 1903 had under consideration a statute of that state, the provisions of which are that, "whenever it shall be desired to vacate any block, lot, park, reservation, street or alley

* * * in any improved townsite or exclude the same, or any unplatted farm land, from the boundaries of any city," a petition shall be presented and notice given, and if certain findings are made the court shall order the "corporate boundaries to be changed by the exclusion of such lands therefrom." In holding the same unconstitutional, as constituting an unlawful delegation of legislative power, the court said: "Is it competent for the legislature to authorize an individual to effect a change in the boundaries of a city, provided that after publishing notice of his intention to do so he can induce a jury in the district court to find that no public or private rights will be endangered, the loss of taxes to the city and of security to its bondholders being excluded from consideration? In the cases arising under the statute authorizing the mayor and council to change the city boundaries, subject to conditions to be determined by the court, the doubtful question was whether a legislative power was thereby conferred upon the court, since it was authorized to pass upon the expediency of the proposed measure. But here there is no such question. Under the statute now involved the court has no discretion. It examines but one question—whether the proposed change would injure or endanger public or private rights—leaving out of consideration any possible rights of the city or its bondholders to look to the property affected for taxes; and, if this is answered in the negative, it must register the will of the petitioner just as the council is in express terms required to accord it by ordinance. The legislative power is not devolved upon the court, but upon the individual seeking the change."

Other reasons are urged by appellant's counsel for holding such statute void, but our views above expressed render it unneccessary to notice them.

The order appealed from is reversed; and the cause remanded to the district court for further proceedings according to law; appellants to recover their costs on this appeal. All concur.