This is an appeal from a judgment in a certiorari proceeding. The controversy grows out of an election in Sauk Valley township, in Williams county in this state, for the issuance of bonds for the building of a township hall. In the petition for the writ of certiorari it is alleged that pursuant to orders given by the board of supervisors of said township, at a meeting of said board held on March 7th, 1925, notice of election was posted to the effect that at an *Page 393 
election to be held March 17th, 1925, there would be submitted to the voters of the township the question whether said township should issue bonds for the purpose of building a township hall. It further appears from said petition that at the general township meeting held March 17th, 1925, the electors of said township were given an opportunity to, and did, vote on the question whether said Sauk Valley township should issue bonds in the sum of $5,000 bearing 6 per cent interest, maturing in twenty years, the proceeds of which bonds were to be used for the purpose of building a township hall. It is also alleged in the petition for the writ of certiorari that the notice of said election was defective in certain particulars; also, that at least one person who was not a legal voter of said township voted at such election, having been urged to do so by members of the board of supervisors of said township. In respondents' return to the writ it was averred that the election upon the bond issue was called pursuant to a petition signed by sixty qualified electors of said township; that an election was ordered by the board of supervisors of said township at a special meeting held March 7th, 1925, at which all members of the board were present; that such meeting was called and held for the purpose of taking action on said petition. There is attached to the return the notice of election with proof of posting, the form of ballot used, the poll list, the tally list, and the original minutes of the election. The return shows that at the time of said election there were in all 120 qualified electors in said township; that 113 of such electors actually participated in the election held March 17th, 1925, and voted upon the question of the issuance of bonds; that 77 of such electors voted for, and 36 against, issuing bonds. From the record transmitted on this appeal it appears that the plaintiffs defaulted on the hearing in the district court; but that the respondents appeared by counsel and that, after hearing, the trial court made findings and conclusions in favor of respondents. The plaintiffs have appealed from the judgment.
Much of the argument on this appeal is devoted to whether the views of the trial court, as set forth in the findings of fact and conclusions of law, are correct or incorrect. In other words, we are asked to review not only the judgment, but the reasons given by the trial court for its rendition. We, however, are concerned alone with the correctness of the judgment, and not with the reasons assigned for it by the trial *Page 394 
court. Davis v. Jacobson, 13 N.D. 430, 101 N.W. 314. In other words, the sole question before us is: "Was the trial court correct in denying any relief to the plaintiffs in this proceeding?" And in our opinion this question must be answered in the affirmative. Under our statute a writ of certiorari may be granted only "when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy." Comp. Laws 1913, § 8445. Obviously certiorari may not be used as a substitute for injunction. Corpus Juris (11 C.J.) says: "It (certiorari) is not a flexible remedy inasmuch as all that can be done under it is to quash or refuse to quash the proceedings complained of.
"The office of a certiorari is to bring up the proceedings of the court below for examination, that they may be affirmed or quashed, and not to enforce any rights growing out of those proceedings." 11 C.J. 89.
"The office of certiorari is in no sense that of a restraining order. It is not the purpose of the writ to restrain or prohibit, but to annul. It is not the appropriate remedy to prevent anticipated wrong or injury." 11 C.J. 90.
According to our statute (Comp. Laws 1913, § 4088), the electors of a township "have power at the annual township meeting: . . .
"8. To ratify or reject recommendations offered by the township board of supervisors for the expenditure of funds for the purpose of . . . erection . . . of any building . . . for township purposes."
And the board of township supervisors have authority to issue bonds of the township for authorized purposes "in such amounts and at such periods as they may be directed by two thirds of the legal voters present and voting at any legally called township meeting held for that purpose." Comp. Laws 1913, § 4254. The board of township supervisors were dealing with a subject within their jurisdiction.
This is not a case where it is sought to annul the action of the board of township supervisors in ordering an election, before the election is held; nor is it a case where it is sought to annul some action taken by the board of supervisors predicated upon an election. The election ordered by the board of township supervisors has been held, and the result of that election has been ascertained by the officers whose duty *Page 395 
it is to ascertain the result of township elections. There was no attempt to prevent the election from being held and if the result had been to the contrary, that is, if the electors of the township had defeated the proposal for the issuance of bonds then this proceeding would not have been brought. The board of township supervisors have taken no action after the election, other than to ascertain the result of the election. The present proceeding was instituted to annul the election and to enjoin the board of supervisors from carrying out the directions of the electors as given at the election on the ground that certain irregularities or defects rendered the election invalid. In other words, the real object of this proceeding is to set aside the action of the electors of Sauk Valley township on the ground that certain irregularities or defects in the calling and conduct of the election at which the action was taken rendered the same invalid. We are aware of no rule of law whereby the writ of certiorari may be properly invoked to contest the validity of an election, or utilized as an equitable action to enjoin public officers from carrying out the mandate given at an election.
The conclusion reached by the trial court that the plaintiffs in this case are entitled to no relief in this proceeding is clearly right, and the judgment appealed from is affirmed.
BIRDZELL, NUESSLE, BURKE, and JOHNSON, JJ., concur.