MABEL L. LIVINGSTON, Respondent, v. W. W. PETERSON, Building Inspector of the City of Minot, County of Ward, and State of North Dakota, et al., Appellants.

(228 N. W. 816.)

Opinion filed January 27, 1930.

*Halvor L. Halvorson,* for appellants.

*F. J. Funke,* for respondent.

Burr, J. Under the provisions of chapter **175** of the Session Laws of 1923, known as the "City Zoning Act," being §§ 3756a1 to 3756a9 of the Supplement, the city commission of the city of Minot adopted an ordinance creating zones within the city of Minot, defining residential districts and prescribing the character of buildings to be erected therein. A building inspector was appointed and a board of adjustment created in accordance with the provisions of § 7 of the Act which section provides also, that "such board of adjustment shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this Act. It shall also hear and decide all matters referred to it or upon which it is required to pass under any such ordinance. The concurring vote of four members of the board shall be necessary to reverse any order, requirement, decision or determination of any such administrative official, or to decide in favor of the applicant any matter upon which it is required to pass under any such ordinance or to effect any variation in such ordinance. Every decision of such board shall, however, be subject to review by certiorari."

This ordinance requires a permit to be secured from the building inspector before a building may be erected and provides that "the building inspector of the city of Minot shall not issue any permit for the erection, construction, establishment, alteration or enlargement of any building, structure or improvement, in any of the districts herein defined, contrary to the provisions of this ordinance." Section XII. subd. a of the ordinance.

The petitioner is the owner of certain lots within a residential district as defined by the ordinance. She desired to erect an apartment house thereon, and applied to the building inspector for a permit. The erection of an apartment house within such district is forbidden by the

ordinance. The building inspector denied a permit and petitioner appealed to the board of adjustment for a review of the determination. This board sustained the action of the building inspector and petitioner applied to the district court for a writ of certiorari. At the hearing the district court received and considered additional testimony in the form of affidavits, and rendered judgment requiring the building inspector to issue the permit. From the order of the district court and the judgment entered thereon the respondents appeal.

It is not contended that the ordinance is invalid; that the district set apart by the city commission as a residential district is not a proper residential district; that the building inspector did not give a fair hearing; that the board of adjustment was not properly constituted; nor that the board did not give a fair hearing on appeal. It is admitted the board had jurisdiction of the controversy and of the parties. The petitioner herself invoked the jurisdiction and demanded the exercise of its discretion.

It is the contention of the plaintiff that, since § 8445 of the Compiled Laws, as amended by chapter 76 of the Session Laws of 1919, being § 8445 of the Supplement, provides that "A writ of certiorari shall be granted by the supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice," and as § 7 of the City Zoning Act by implication permits the board of adjustment by "the concurring vote of four members of the board" to reverse an order "or to effect any variation in such ordinance;" and as it is specifically provided that every decision of such board "shall . . . be subject to review by certiorari," the statute clearly contemplates:

First, that such board of adjustment has the right, and it is its duty on proper occasions, "for the purpose of promoting health, safety, morals, or the general welfare of the community," to determine whether rigid provisions of the ordinance shall be modified and varied to bring the regulations of the ordinance into "harmony with the general purpose and intent," and permit in a residential district the erection of a building prohibited by the ordinance when it is clear that the

health, safety, morals and general welfare would be promoted by such building; second, that if she show the building of an apartment house in this district furnishes better opportunity for health, safety, morals and general welfare than ordinary residences now therein, then it is the duty of the board of adjustment to vary the ordinance to accommodate the situation, since by the terms of § 1 of the statute, whenever the city commission desires to pass an ordinance in conformity with the City Zoning Act it must make regulations regarding the height, size, number of stories in the buildings, etc., and "such regulations may provide that a board of adjustment may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained;" third, that proceedings of a board may be reviewed by certiorari under the general statute "when in the judgment of the court it is deemed necessary to prevent miscarriage of justice" and as the City Zoning Act makes special provision to the effect that the "decision" shall be subject to review by certiorari, it is the plain intent of the statute that all the evidence may be reviewed to ascertain whether the discretion was abused; otherwise there would be no reason for the City Zoning Act having the provision that every decision of the board "shall . . . be subject to review by certiorari;" fourth, that though the burden of proof is upon the applicant to show this, yet if it be so shown by the evidence and the board decide to the contrary this decision may be reviewed by the courts upon the hearing on the writ; and fifth, that the board of adjustment abused its discretion in sustaining the building inspector; for though this court has held in the case of Bismarck v. Hughes, 53 N. D. 838, 208 N. W. 711, that such City Zoning Act is constitutional, yet it may be applied unconstitutionally, and if the board of adjustment be not given the right to vary the regulations of the ordinance in her favor then its application to her under the state of facts in this case is a violation of the constitutional provision against depriving one of property without due process of law in this that to require her to devote it to residential purposes instead of apartment house purposes reduces the value of her property and its earning power to such an extent as to deprive her of property, without in any way promoting the "health, safety, morals, or welfare of the community."

On this appeal the respondents, being the appellants to this court, have the burden of showing prejudicial error affirmatively, by the record. See Brissman v. Thistlethwaite, 49 N. D. 417, 192 N. W. 85.

The record shows the board of adjustment held a meeting to determine the application of the petitioner. She appeared before this board personally and with her attorney. The board heard her, her witnesses, and her counsel. The minutes of the board show the same argument was made before the board as is made here in regard to the depreciation in the earning power of the property in case no permit was issued. Protestants against granting of the permit were heard and their statements considered. After the hearing was completed the board by unanimous vote on roll call, denied the petition and sustained the building inspector in his refusal to grant the permit. All this appeared in the record before the district court.

The contention that though the City Zoning Act be constitutional, and the ordinance is in harmony therewith, yet the application of the ordinance to the petitioner is unconstitutional is an attempt at a distinction without a difference. Concededly the city commission had the right to declare this territory a residential district, did do so properly, had the right to and did exclude apartment-houses, and hence the provisions applied to petitioner. To permit variance would result in discrimination in her favor, and render the ordinance nugatory, for under so-called "proper conditions" the building inspector and the board of adjustment could set aside all provisions of the ordinance.

It is well settled the writ will lie when the board has exceeded its jurisdiction. "It follows that it will not lie to review the sufficiency or the insufficiency of the evidence." State ex rel. Wehe v. Frazier, 47 N. D. 314, 321, 182 N. W. 545; Fuller v. Board of University & School Lands, 21 N. D. 212, 221, 129 N. W. 1029. As said in State ex rel. Noggle v. Crawford, 24 N. D. 8, 11, 138 N. W. 2, under the plain language of § 8445 of the Compiled Laws of 1913 "a writ of certiorari may be granted only in cases where such inferior courts, officers, boards, or tribunals have exceeded their jurisdiction. It cannot be correctly said that the court had (in this case the board) exceeded its jurisdiction in making the order. At most, such order was merely erroneous." The provision "when in the judgment of the court it is

deemed necessary to prevent miscarriage of justice" added to § 8445 of the Compiled Laws by chapter 76 of the Session Laws of 1919 does not extend the writ to a review of the discretion of the board. The court will review by certiorari when there is no appeal, no speedy and adequate remedy, and when necessary to prevent miscarriage of justice. It does not extend the scope of the writ. State ex rel. Wehe v. Frazier, 47 N. D. 314, 321, 182 N. W. 545, supra; Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16; State ex rel. Claver v. Broute, 50 N. D. 753, 197 N. W. 871; State ex rel. Craig v. North Dakota Workmen's Comp. Bureau, 53 N. D. 649, 207 N. W. 555; and Bishop v. Depositors Guaranty Fund Commission, 55 N. D. 178, 212 N. W. 828, were decided under this statute and with this amendment in mind. We held that "no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari." See Baker v. Lenhart, 50 N. D. 30, 195 N. W. 16, supra; State v. Broute, 50 N. D. 753, 759, 197 N. W. 871.

Without a provision providing for a judicial determination of whether a board was acting within its jurisdiction or had exceeded its jurisdiction, interested persons would be exposed to a despotic and tyrannical use of power. It is not necessary to cite authorities to show that the legislature may vest in certain boards the power to determine such questions as are contemplated by this act and make provisions that such determination shall be final, provided due process of law be granted. To guard against the arbitrary use of this power the legislature provided for a review by certiorari. Petitioner claims that it was not necessary for the statute to so declare if this be its sole purpose as under the provisions of the general law, § 8445 of the Supplement such review could be had in any event, and that this law provides not only for a review of jurisdiction by certiorari but says that the "decision" shall be subject to review by certiorari.

If the contention of the petitioner be correct that the decision of the board is subject to review in order to determine whether it abused its discretion so that the court may pass upon the quality of the proof and also hear additional testimony, then the legislature would not have made the provision that the decision shall be "subject to review by certiorari"

but would have provided for an appeal. There is nothing to indicate the legislature intended to change the office of the writ so as to make it operate as an appeal. We must assume, when the legislature made provision for review by certiorari, that the legislature had in mind the writ of certiorari, its purpose and its scope. Certiorari merely reviews the record. It does not review the evidence. The provision which says, "the decision of such board shall . . . be subject to review by certiorari," means that the decision of the board as to its jurisdiction may be reviewed by certiorari. It cannot be construed so as to extend the power of the writ to a control of the discretion and the judgment.

The writ does not have either injunctional or mandatory qualities. See Molander v. Swenson, 54 N. D. 391, 210 N. W. 9. The application of the petitioner is in effect an application for a writ compelling the board to require the building inspector to issue a license. It asks the court to say the board was wrong in sustaining the building inspector in his decision, and that it should have reversed it and compelled him to issue the license.

To permit the board of adjustment to authorize the erection of a building specifically forbidden would be authorizing the board to amend, repeal or suspend a provision of the ordinance, thus conferring upon it legislative power. It would be giving to the board the arbitrary power of determining whether certain specific provisions should be enforced, thus permitting discrimination. It would permit the board in its discretion to annul and vary the ordinance itself, instead of confining it to the application of regulatory provisions. This would raise a constitutional question of grave importance, for it is held that delegating legislative power would render that portion of the ordinance, if not the entire ordinance, invalid. See Des Moines v. Manhattan Oil Co. 193 Iowa, 1096, 23 A.L.R. 1322, 184 N. W. 823, 188 N. W. 921. The city commission is the legislative body enacting the ordinance. The right of the petitioner to erect an apartment house cannot rest upon the whim, the opinion or the decision of the board of adjustment any more than it can rest upon the consent of residents within the district. To permit a board or committee appointed by the city commission to say that a building forbidden to be erected may be erected, if this committee deem it wise, is as much a delegation of legislative power as

would be permitting property owners to say that certain improvements must be made or cannot be made. In either case the legislation would be made by those outside the legislative body. See Morton v. Holes, 17 N. D. 154, 158, 115 N. W. 256; Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U. S. 116, 73 L. ed. 210, — A.L.R. —, 49 S. Ct. 50. The ordinance must determine this matter and not the board. For this reason it is clear that where the board is given power to vary regulations so as to apply them in harmony with the general purpose and intent of the ordinance and the law it merely refers to regulations such as the distance which a church or school may be built from the rear of the lot, whether living, sleeping or working rooms may be ventilated by an approved mechanical system rather than by windows, whether churches or hospitals may exceed height restrictions of the district, and other provisions found in §§ 9 and 10 of the ordinance.

It cannot be extended to permit the building inspector or the board of adjustment to amend the ordinance so as to authorize the erection of a building which is forbidden by the ordinance.

It was not the province of the district court to pass upon the discretion exercised by the board of adjustment. The board was the tribunal provided for hearing the matter. Having jurisdiction and having granted a full and fair hearing and having rendered its judgment upon the evidence presented such discretion cannot be reviewed by certiorari proceedings. The judgment of the district court is therefore reversed and judgment ordered for appellants.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.