Daniel Q. POSIN, Baldur Kristjanson, Cecil
B. Haver and William B. Treumann,
Petitioners and Appellants,

v.

STATE BOARD OF HIGHER EDUCATION,
Respondent.

No. 7703.

Supreme Court of North Dakota.

Nov. 15, 1957.

Philip R. Bangs, Grand Forks, for appellants Baldur Kristjanson, Cecil B. Haver and William B. Treumann.

J. F. X. Conmy, Bismarck, for appellant Daniel Q. Posin.

Conmy & Conmy, Fargo, for respondent.

JOHNSON, Judge.

This is an appeal from the judgment of the district court denying the petition of the appellants for a writ of certiorari to review the action of the Board of Higher Education discharging the four appellant professors, members of the faculty of the North Dakota Agricultural College. A college constitution was adopted by the faculty for the government of the school. It was approved by the State Board of Higher Education pursuant to statute. Some of its provisions are involved in this controversy.

The petitioners allege that on March 19, 1955, the State Board of Higher Education, hereinafter called the "Board", by resolution, recommended that charges against the petitioners, hereinafter called "appellants", be preferred by Dr. Fred S. Hultz, President of the North Dakota Agricultural College. The resolution of the Board of Higher Education provided that Dr. Hultz prefer and serve charges against the appellants; that a hearing be had before the Advisory Committee of the North Dakota Agricultural College. This hearing was originally set for April 11, 1955, but was recessed to May 17, 1955. The Advisory Committee is provided for in Article IV of the North Dakota Agricultural College Constitution. It consists of the President, the assistant to the President, the Deans of the Schools, the Dean of Students and the Dean of Women, the Directors of the Experiment Station and Extension Service, and two members of the College Council elected by the members of the teaching staff. The Article provides that the Committee shall meet at the call of the President to consider with him matters of staff promotions and tenure presented by the department heads and Deans. Upon request of the President, the Advisory Committee shall examine and evaluate charges of staff delinquency or incompetency. If, in the opinion of the majority of the Advisory Committee a formal hearing is necessary, the committee shall arrange for and conduct such a hearing. Dr. Hultz presented charges against the four appellants. The Advisory Committee held a hearing thereon between May 17 and 31, 1955. On June 2, 1955, the Advisory Committee, by secret ballot, voted on each of the appellants and recommended their discharge. The result of the vote of the Advisory Committee was submitted to the State Board of Higher Education on or about June 6, 1955. On June 29th the Board held a meeting at

Fargo, North Dakota, at which arguments were heard before the Board for and against discharge of the appellants. On that date the Board voted in favor of discharge, and against reinstatement of the appellants. Thereafter on June 30, 1955, the appellants were notified of their discharge as members of the staff of the North Dakota Agricultural College. They attempted to invoke the original jurisdiction of this court to secure a review of the action of the Board upon a writ of certiorari. State ex rel. Posin v. State Board of Higher Education, N.D., 74 N.W.2d 79. We refused to take original jurisdiction. Thereafter the appellants applied to the district court for a writ of certiorari. They claim they have no right of appeal from the decision of the Board, nor any plain, speedy or adequate remedy, and that a review pursuant to a writ of certiorari is necessary to prevent the miscarriage of justice. They further claim that the Board's order discharging them is illegal, void and in excess of jurisdiction. They base this claim on the following reasons:

That the College's constitution with reference to tenure provides "Terms of employment shall be stated in writing by the President and a copy given to the staff member concerned"; that all administrative officers enumerated under Article XI of the North Dakota Agricultural College Constitution and professors "shall be on permanent appointment upon the completion of two years of satisfactory service to the College". "Permanent appointment" as used in the Article "shall mean that the appointment shall continue during efficient and competent service, and shall not end unless the appointee voluntarily disassociates himself from the College—except for sufficient cause, such as immoral conduct, or incompetency in teaching or management." The Article further provides that "before dismissal or demotion, any member of the faculty may request that the charges against him be stated in writing and that he be given a formal hearing before the Advisory Committee" provided for in the College constitu-

tion. "Such request shall be granted; and the findings of this committee shall be presented to the Board (Board of Higher Education) through the President as final recommendation in the case."

It is conceded by the return to the order to show cause and the petition, which in reality is an answer to both, that the appellants had so-called "tenure" under the College constitution. The appellants had been requested to resign from the faculty, but had refused. It is also conceded that no formal findings were prepared by the Advisory Committee. But after arriving at a conclusion the Committee presented its recommendation to the Board.

The appellants claim there was no evidence of any kind presented to the Board of Higher Education supporting or justifying the discharge of the appellants, or any of them, or sufficient cause, such as immoral conduct, incompetency in teaching or managing. The petitioners (appellants here) prayed for the issuance of a writ of certiorari to the Board of Higher Education and requested that its action be vacated, annulled and set aside as illegal or that the court grant other relief as justice and law require.

To this petition the Board made what is designated as a "return", denying the allegations thereof, but admitting the passage of the resolution dated March 19, 1955; that a hearing was had before the Advisory Committee, and that under Article XI of the North Dakota Agricultural College constitution, there is a provision for "tenure" and "permanent appointment."

In the return to the petition for the writ the respondent cites Article I of the same constitution, stating that: "This Constitution and the rules and regulations adopted in pursuance thereof, insofar as they do not conflict with the Constitution of the State of North Dakota and its statutes, shall be the basis for carrying out the purposes of the College."

The return also admitted that the petitioners had refused to resign and that writ-

ten charges were preferred and heard by the Advisory Committee. The return then alleged that the respondent Board did have authority to discharge the appellants and that there was an abundance of testimony to show that they did not give efficient or competent service or competent management and that they, in concert, and individually, engaged in a course of conduct deliberately intended to interfere with, undermine, frustrate and render ineffective the administration of the College. The return denied that the failure to make formal findings in writing constitutes an excess of jurisdiction and alleges the petitioners have an adequate remedy at law.

The trial court denied the writ and judgment was entered stating that the Board acted within "its jurisdiction and authority in discharging the petitioners and such discharge was proper and legal and cannot be reviewed by certiorari." This appeal is from that judgment.

The appellants specified that it was error to deny the application for the writ, and that the court erred in finding that the respondent Board had the power and authority to discharge the appellants.

In this state, under express provisions of the statute, a writ of certiorari shall be granted by the supreme and district courts when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor in the judgment of the court, any other plain, speedy, and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent a miscarriage of justice. Section 32–3301, NDRC 1943; Molander v. Swenson, 54 N.D. 391, 210 N. W. 9; State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593.

The Board of Higher Education is a constitutional body. Article 54 of the North Dakota Constitution was approved and ratified by the people on June 30, 1938. It provides:

"A board of higher education, to be officially known as the State Board of Higher Education, is hereby created for the control and administration of the following state educational institutions, to-wit:

"(1) * * *

"(2) The State Agricultural College and Experiment Station, at Fargo, with their substations. * * *"

Section 6(b) of this Article provides:

"The said State Board of Higher Education shall have full authority over the institutions under its control with the right, among its other powers, * * * to organize or re-organize within constitutional and statutory limitations, the work of each institution under its control, and do each and everything necessary and proper for the efficient and economic administration of said State educational institutions."

If the Board had the power and authority to discharge the appellants, the writ was properly denied. It is noted that the Board of Higher Education has "full authority over the institutions under its control with the right, among its other powers, * * *." to "do each and everything necessary and proper for the efficient and economic administration of said State educational institutions."

Chapter 15–10, NDRC 1943, deals with the State Board of Higher Education. Section 15–1011 thereof sets out its general authority and is in almost the identical language of constitutional provision 6(b) already quoted in part. Section 15–1013 states that each institution is under the control and subject to the administration of the Board and provides that the faculty consists of the President, instructors, teachers and assistants. It also provides:

"The faculty shall adopt, subject to such rules and regulations as the state board of higher education may es-

tablish, all necessary rules and regulations for the government of the school."

Section 15-1017 provides:

"Specific Powers and Duties of Board of Higher Education. The state board of higher education shall have all the powers and perform all the duties necessary to the control and management of the institutions described in this chapter, including the following:

"1. To *elect and remove* the president or other faculty head, and the professors, instructors, teachers, officers, and other employees of the several institutions under its control, and to fix their salaries within the limits of legislative appropriations therefor, and to fix the terms of office and to prescribe the duties thereof;" (Emphasis supplied).

It is, of course, self evident that if the Board acted within its power and authority there was no "excess of jurisdiction" and the writ was properly denied. Albrecht v. Zimmerly, 23 N.D. 337, 136 N.W. 240; Martin v. Morris, 62 N.D. 381, 243 N.W. 747; State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593.

We are here concerned with the question of the power and the authority of the Board to discharge or remove the appellants. The power and authority of the Board is to be gathered from the constitutional provision with reference to its creation and the designation of the duties imposed upon it by the statutes. The evidence taken before the Advisory Committee of the Agricultural College is not before us. Even where a writ of certiorari has been issued, it will lie only to review acts in excess of jurisdiction and not to review the sufficiency or insufficiency of the evidence where jurisdiction is shown. State ex rel. Wehe v. Frazier, 47 N.D. 314, 182 N.W. 545; State ex rel. Olson v. Welford, supra; Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16;

Common School District No. 126 v. City of Fargo, 78 N.D. 583, 51 N.W.2d 364; Section 32-3309, NDRC 1943.

Article 54 of the North Dakota Constitution, the pertinent parts of which have been quoted, and the statutes enacted by the legislature with reference to the duties and powers of the Board, indicate that the Board has full authority over the institutions under its control. The power and authority of the Board to "elect and remove" is a legislative designation of one of its specific powers and is included in the "full authority" granted to it by the North Dakota Constitution.

If the Board may only remove a professor or professors or others enumerated in the statute, as provided in the College constitution, then the Board has lost some of its "full authority" over the Agricultural College given to it by the Constitution of the State and the statutes enacted by the legislature setting out the specific powers and duties of the Board.

Section 15-1017(1), NDRC 1943, places no limitations, restrictions, or qualifications whatsoever on the Board's authority to remove the president, professors, teachers, officers or other employees of any institution under its control. The statute is plain, unambiguous and explicit. It is argued that the provisions of the College constitution have the force and effect of law. It is, however, at most only a rule or regulation approved by the Board. We think it is clear that the College constitution, considered as a rule or regulation, does not have, and cannot have, the effect of diminishing, limiting, restricting or qualifying the power and authority vested in the Board by our State Constitution and the statutes.

It has been held that the term "removal" means discharge, the act of removing from office, or putting an end to employment. Lethbridge v. City of New York, 15 N.Y.S. 562, 59 N.Y.Super. 486.

It has also been held that the terms "discharge" and "remove" are used synonymously with reference to guardians. Maloney v. Massachusetts Bonding & Ins. Co., Cal.App., 114 P.2d 417, 421.

Webster's New International Dictionary, Second Edition, gives as one of the definitions of the word "remove": "To force (one) to leave a place or to go away; specif.: a. To dismiss from office; as, to remove a postmaster."

 Under the explicit language of the statutes and the constitutional authority granted the Board there can be no question of its right to discharge the appellant without assigning cause for their removal and without a hearing, if it saw fit to do so. See State ex rel: Weeks v. Olson, 65 N.D. 407, 259 N.W. 83. The action of the Board was in accord with the power and authority vested in it by the State Constitution and the statutes under which it operates. However, in this case, the appellants were afforded every right to which they claim they were entitled under the North Dakota Agricultural College constitution. Written charges were filed against them. They were given a lengthy hearing before the Advisory Committee set up by the College constitution. After such hearing and the consideration of the evidence presented for and against the appellants, the Advisory Committee deemed that there was "cause" for their discharge and recommended to the Board that they be discharged. It was only after such recommendation by the Advisory Committee to the Board, and after an argument before the Board involving the matters presented at the hearing, that the appellants were discharged.

It is clear from the record before us that not only were the appellants allowed all of the rights to which they were entitled under the College constitution, but in addition thereto a formal hearing was had in which they participated and were represented by counsel.

We determine that the Board in discharging the appellants acted within its constitutional and statutory powers. The writ of certiorari was properly denied.

While the issue of adequate remedy is presented in this proceeding, and while it is no doubt true under Section 32–3301, NDRC 1943, although a board has exceeded its power and authority, often referred to as its jurisdiction, that ordinarily certiorari will not lie if there is any other plain, speedy and adequate remedy, we need not consider that question since we have determined that the Board had the power and authority to remove the appellants.

The decision of the trial court is affirmed.

GRIMSON, C. J., and SATHRE, BURKE, and MORRIS, JJ., concur.