Robert COWAN and Hugo Schmaltz, Petitioners and Appellees,

v.

James STROUP, Leo Carlson, Ted Walker and Tom O'Connell and Merle Larson, Respondents and Appellants.

Civ. No. 9643.

Supreme Court of North Dakota.

Oct. 11, 1979.

Zuger & Bucklin, Bismarck, for respondents and appellants; argued by John A. Zuger, Bismarck.

Wheeler, Wolf, Wefald & Peterson, Bismarck, for petitioners and appellees; argued by Robert O. Wefald, Bismarck.

PAULSON, Justice.

This is an appeal from an order of the District Court of McLean County denying appellants' motion to dismiss a writ of certiorari from the Board of Adjustment of the City of Washburn. It is our opinion that this case has arisen because of the inartistic drafting of the zoning ordinance of the City of Washburn. For the reasons set forth we reverse and dissolve the order of the district court.

The petitioners and appellees, Robert Cowan and Hugo Schmaltz, are the owners of a tract of land containing approximately 6.15 acres located just outside the city limits of the City of Washburn but within its one-half mile jurisdiction for purposes of zoning, pursuant to § 40–47–01.1(1) of the North Dakota Century Code.[1]

The petitioners requested a change in the zoning of their property from agricultural to commercial and complied with the procedural steps of the city zoning ordinance in making their application. Proper notices were published and hearings were held by both the Planning and Zoning Commission and the City Commission. The City Commission, composed of respondents James Stroup, Leo Carlson, Ted Walker, Tom O'Connell, and Merle Larson denied the requested zoning change, with Larson casting the sole opposing vote. This was contrary to the recommendation of the Planning and Zoning Commission that it be granted.

Petitioners requested an appeal from this decision, pursuant to § 2.3.5 of Ordinance 83 of the City of Washburn, which provides for an appeal to the Board of Adjustment from a decision of the City Commission. Petitioners were informed by the Washburn city attorney that a Board of Adjustment

---

1. Section 40–47–01.1(1), N.D.C.C., provides:

    "*Territorial authority of zoning regulations.* Based upon the population of the city as determined by the last official regular or special federal census or, in case of a city incorporated subsequent to such census, a census taken in accordance with chapter 40–02, the governing body of a city may, by ordinance, extend the application of a city's zoning regulations:

    "1. To unincorporated territory located within one-half mile [.80 kilometer] of its limits in any direction if it is a city having a population of less than five thousand."

did not exist and that even if one did exist, it was not the intention of the ordinance that the Board of Adjustment could overrule the City Commission on matters of zoning. In response to petitioners' request, the City Commission agreed to create a Board of Adjustment and set the petitioners' appeal for December 4, 1978.

The City Commission appointed themselves to the Board of Adjustment. This meant that the same five individuals sat as a Board of Adjustment reviewing their own denial of the requested zoning change made while acting as city commissioners. This amounted to no more than a *de facto* rehearing and the requested zoning change was again denied 4 to 1, with Larson again casting the sole opposing vote.

Petitioners sought a writ of certiorari, pursuant to § 40–47–11, N.D.C.C.,[2] in the District Court for McLean County. Respondents filed a motion to dismiss the application for the writ on the grounds that "the petition for the writ does not state facts showing that the respondents acted in excess of their jurisdiction, or any grounds on which a writ of certiorari could issue". The district court denied the motion to dismiss and issued the writ of certiorari compelling the production of records of the proceedings before the City Commission. After reviewing the evidence submitted, the district court remanded the case to the City Commission and ordered it to appoint a "duly constituted Board of Adjustment to consider the appeal of petitioners" and ordered that no member of the City Commission shall be a member of the newly appointed Board of Adjustment. The district court based its order on its finding that it was a denial of due process for the same people to sit as the City Commission and as the Board of Adjustment.

We do not address the question of due process here because we find that § 2.3.5 of Ordinance 83 of the City of Washburn ["Ordinance 83"] is an improper delegation of legislative authority. It is our conclusion that Ordinance 83 is both inartistically drawn and internally inconsistent.

Section 2.3.5 of Ordinance 83 provides:

"Any person aggrieved by the decision of the City Commission may appeal to the Board of Adjustment as provided for in Section 40–47–07 of the North Dakota Century Code."

Section 40–47–07, N.D.C.C., provides:

"*Board of adjustment—Members—Term—Hear and decide appeals and review orders. The governing body* may provide for the appointment of a board of adjustment consisting of five members, each member to be appointed for a term of three years. The board of adjustment shall hear and decide appeals from and shall review any order, requirement, decision, or *determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this chapter.* It shall hear and decide all matters referred to it or upon which it is required to pass under any such ordinance. The concurring vote of four members of the board shall be necessary to reverse any order, requirement, decision, or determination *of any such administrative official* or to decide in favor of the applicant any matter upon which it is required to pass under any such ordinance, or to effect any variation in such ordinance. Upon request of the board, the governing body shall have the right to appoint an alternate member of said board of adjustment, who shall sit as an active member when and if a member of said board is unable to serve at any hearing." [Emphasis added.]

2. Section 40–47–11, N.D.C.C., provides:

"*Determination of board of adjustment reviewable by certiorari.*—Every decision of the board of adjustment shall be subject to review by certiorari. The application for a writ of certiorari shall be made to the district court of the county in which the city is situated within fifteen days after notice of the decision of the board, and such writ shall be returnable within twenty days after the rendition of such decision. The court may take such evidence as may be required to determine the questions presented. The supreme court, upon application filed within fifteen days after the determination by the district court, shall review the action of the district court by certiorari."

Section 2.3.5. of Ordinance 83 goes beyond the limits authorized by the enabling statute, in that it provides for an appeal from the City Commission, which is a legislative body. Section 40–47–07, N.D.C.C., authorizes appeal from a decision of an "administrative official". It is in violation of the fundamental tenets of separation of powers to allow a legislative body such as a city commission to grant a quasi-judicial body, such as a board of adjustment, power superior to the legislative body itself.

■ The enactment of a zoning ordinance is a legislative function. *City of Bismarck v. Hughes,* 53 N.D. 838, 208 N.W. 711, 713 (1926). In the instant case, petitioners requested an amendment to the zoning ordinance. "[T]he necessary and proper procedure for rezoning land is . . . by ordinance passed by the legislative body of the municipal government" [2 Yokley, Zoning Law and Practice § 11–1 (4th Ed. 1978). In every city, the governing commission or council is a legislative body.

The confusion in the instant case is caused by the overbroad delegation of authority to the Board of Adjustment (also called a board of appeals in some jurisdictions). This problem is discussed at 1 Yokley, Zoning Law and Practice § 7–20 (4th Ed.1978) (hereinafter "Yokley"]:

"*7–20. May not delegate power to legislate.*

"In delegating powers to a board of appeals by ordinance, those who draft the ordinances and the council in enacting them must bear in mind that the legislative body cannot, under any conditions, delegate to the board of appeals or adjustment the power to create a zoning district. This power must be exercised by the city authorities, as this would constitute an unwarranted delegation of legislative functions. The law is well settled on this question." [3]

In *Livingston v. Peterson,* 59 N.D. 104, 228 N.W. 816, 818–19 (1930), this court was faced with the question of whether or not the Board of Adjustment of the City of Minot could permit the erection of a building which was specifically prohibited by the city ordinance. We held:

"To permit the board of adjustment to authorize the erection of a building specifically forbidden would be authorizing the board to amend, repeal, or suspend a provision of the ordinance, thus conferring upon it legislative power. . . . This would raise a constitutional question of grave importance, for it is held that delegating legislative power would render that portion of the ordinance, if not the entire ordinance, invalid."

■ A board of adjustment serves an important role in the zoning structure of a city. Its essential purpose is to deal with zoning cases by furnishing elasticity in the application of regulatory measures. 82 Am. Jur.2d Zoning and Planning § 61. It is not empowered to zone property or to change the zoning pattern in its basic particulars. "Since it is merely a quasi-judicial body it has no power to amend or repeal a zoning ordinance". 82 Am.Jur.2d Zoning and Planning § 258. The legislative body must itself determine what uses are to be permitted in certain zones. *Auditorium, Inc. v. Board of Adjustment of Mayor, etc.,* 47 Del. 373, 91 A.2d 528 (1952). The following quote from 1 *Yokley* § 7–18 is persuasive:

"*§ 7–18. Ordinance must provide for a board of appeals.*

"It is highly essential that the city or town council in enacting a comprehensive zoning ordinance provide for a board of zoning appeals, sometimes designated board of adjustment. The functions of this board are chiefly to consider special instances where permits are sought not in line with the provisions of the ordinance. *But the council must be very careful and not overstep its authority by conferring too much power on the board of appeals else the courts will invalidate such provisions as constituting an unlawful delegation of authority.*" [Emphasis added.]

*Livingston v. Peterson,* 59 N.D. 104, 228 N.W. 816, 818–19 (1930).

**3.** *Yokley* cites twenty cases in support of this proposition, and we will not cite or discuss them here, with the exception of the case of

Because § 2.3.5 of Ordinance 83 attempts to delegate legislative authority to the Board of Adjustment, it is invalid.

Further examination of other portions of Ordinance 83 reveals the overbreadth of § 2.3.5. Section 5.2.2 of Ordinance 83 sets out the duties of the Board of Adjustment.[4] That section, set out in Footnote 4, limits the power of the Board of Adjustment to the granting of variances consistent with the *existing* provisions of the ordinance. It provides only for appeals from actions of the "administrative official charged with enforcement of the provisions of this Ordinance". It would not be consistent with these prescribed duties or with the enabling provisions of Chapter 40–47, N.D.C.C., to allow the Board of Adjustment to rezone petitioners' property from agricultural to commercial. Because the Board of Adjustment does not have jurisdiction to review a legislative decision of the City Commission not to rezone petitioners' land, we reverse the district court and dissolve its order compelling the City of Washburn to establish a Board of Adjustment to hear petitioners' appeal.

We do not, by this holding, mean to foreclose all avenues of legal relief to the petitioners. As we recently said in *Eck v. City of Bismarck*, 283 N.W.2d 193 (N.D. 1979), one proper method for attacking the validity of a zoning ordinance is an action for a declaratory judgment. *See, generally,* 22 Am.Jur.2d Declaratory Judgments § 29. If petitioners believe that the action of the City Commission in denying the requested zoning change was unconstitutional, they may challenge that action in a declaratory judgment proceeding.

Reversed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

4. Section 5.2 provides:
   "5.2 *Board of Adjustment*
   "5.2.1 Authority
   Authority found in Section 40–47–07 of the North Dakota Century Code.
   "5.2.2 Duties
   1. The Board shall hear and decide appeals *from* and shall review any order, requirement, decision or determination *made by the administrative official charged with enforcement of the provisions of this Ordinance.*
   2. The Board shall grant variances from the terms of this Ordinance when the literal enforcement of the provisions of this Ordinance would result in unnecessary hardship and said variance would not be contrary to the public interest. Application for a variance shall show:
   a. The special conditions and circumstances which are peculiar to the land or structure and not applicable to other land or structures in the same district.
   b. The special conditions and circumstances do not result from the actions of the applicant.
   c. The literal interpretation of the Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the district.
   d. The granting of the variance *shall not confer any special privilege on the applicant that is denied by the Ordinance to others in the same district.*
   Under *no circumstances* shall the Board of Adjustment grant a variance to allow a use *not permissible* under the terms of this Ordinance in the district involved, *or any use expressly or by implication prohibited by the terms of this Ordinance in said district.*" [Emphasis added].