## *Ex parte* GOLDSMITH.

### Opinion delivered November 2, 1908.

CERTIORARI—JURISDICTION—Where an application to the circuit court for a writ of certiorari to quash proceedings of an inferior court alleged to be void was denied by that court, the remedy to procure a review of its action in the Supreme Court is an appeal, and not certiorari.

Certiorari to Clay Circuit Court; *Frank Smith*, Judge; writ denied.

Petitioner *pro se*.

PER CURIAM. The town of Piggott passed an ordinance declaring that the owning, operating or maintaining a pool table

within the limits of said town was a nuisance, and provided for penalties against any one violating its provisions. Goldsmith was prosecuted under said ordinance, and fined several times in the mayor's court, and he took appeals from so many of said fines as he was able to secure bondsmen to the circuit court. He petitioned the circuit court for a writ of certiorari, setting forth said ordinance and the prosecutions under it and the pending and threatened prosecutions, and alleged facts tending to prove that his business was not a nuisance and could not be made so by ordiance. He prayed that the ordinance and proceedings in mayor's court be certified to the circuit court, to the end that the ordinance and proceedings thereunder be declared void and the town enjoined from proceeding against him for alleged violations of it.

The circuit court denied the petition, and Goldsmith, after due notice, has petitioned this court for a writ of certiorari to bring the proceedings of the circuit court here, to the end that the judgment of that court denying the writ be reversed and the proceedings in mayor's court under said ordinance be quashed, and a record of the proceedings in circuit court is tendered with the petition.

In *Burgett* v. *Apperson,* 52 Ark. 213, the court said: "The writ (of certiorari) is granted in two classes of cases, first: where it is shown that the inferior tribunal has exceeded its jurisdiction; and second, where it appears that it has proceeded illegally, and no appeal will lie, or that the right has been unavoidably lost." (Citing authorities.)

In *Reese* v. *Cannon,* 73 Ark. 604, this principle was restated and applied. The application here is not predicated on want of jurisdiction of the circuit court to grant the writ of certiorari, but that it erred in not doing so. Had the court granted it, the opposing side might have applied here and presented that question. The right of appeal from the circuit court is not lost or prevented, and that is as far as the court is called upon in order to decide this application.

The petition for the writ is denied.