## 'ALBRECHT v. ZIMMERLY, District Clerk, et al.

### (136 N. W. 240.)

**Review — jurisdiction — appearance — proceedings.**

   1. On an application for writ of certiorari to review proceedings of the district court of Sheridan county, and an alleged excess of jurisdiction of said court concerning a proceeding there pending for removal of petitioner as a county commissioner of said county, it is *held:*—

   The appearance by defendant in said removal proceedings at the time fixed in the notice of hearing therein, and the filing with the clerk by the defendant in said proceedings of written objections challenging the sufficiency of the accusations to constitute grounds for removal under the statute, § 9646, Rev. Codes 1905, all made under a purported special appearance, is the equivalent of a general appearance and the filing of a demurrer to said written accusations, and thereby confers jurisdiction in said proceedings even though no jurisdiction over the person existed prior thereto.

**Jury — waiver of right to jury trial — demurrer.**

   2. Without determining whether an order continuing said proceedings and holding defendants to have waived the right to trial by jury is voidable or void, the portion of the order holding the right to trial by jury to have been waived is contrary to the fact and premature in that the time has not yet arrived when defendants may be asked to render plea to said accusations, for

   23 N. D.—22.

the reason that a demurrer in substance is pending in said proceedings, and not ruled upon or disposed of, and at least such portion of the order should be vacated.

**Counties — removal proceedings.**

3. The time within which the trial provided by § 9646 should have been had on the accusations in the proceedings below having expired, pending hearing herein, therefore, on the state's application, a thirty-day extension of time within which to try and determine the issues there involved in said removal proceedings is granted, the same to be calculated from the date of the filing of the remittitur herein in the lower court.

**Certiorari — when denied — jurisdiction.**

4. No excess of jurisdiction appearing, the writ is denied with no costs taxed.

Opinion filed May 27, 1912.

On an application for writ of certiorari an order to show cause was issued, on petitioner's application, returnable before this court, and on hearing is quashed and the writ denied.

*O. P. Jordal* and *Geo. Thom, Jr.,* of Denhoff, North Dakota, attorneys for petitioner.

*Thos. D. Morrow,* State's Attorney, of McClusky, North Dakota, and *C. S. Buck,* of Jamestown, North Dakota, attorneys for respondents.

Goss, J. Petitioner has applied for and received an alternative writ of certiorari issued from this court, staying proceedings below pending hearing, and directing the clerk of the district court of Sheridan county and the presiding judge thereof to show cause why a writ of certiorari should not issue herefrom commanding the transmission to this court of all the files, records, and proceedings had below for final order of this court in certain office removal proceedings there pending.

The alternative writ issued upon a showing by affidavit that the presiding judge of the lower court and said court was about to act in excess of that court's jurisdiction in the premises, whereby this petitioner would as a result in effect be removed from office pending hearing of proceedings void for want of jurisdiction; and because thereof no adequate and specific legal remedy, by appeal or otherwise, was available to him. The alternative writ was issued April 23, 1912, and hearing thereon was had before this court May 8th following, all parties thereto

appearing. Respondents answer by motion attacking the validity of the application made, and assert that no grounds exist for the issuance of the writ. They further respond by answer and return. So much for the proceedings heretofore had in this court.

The return and the files herein disclose the filing with the district court of Sheridan county of an accusation in writing, charging petitioner with the collection and retention of illegal fees in office as a county commissioner of Sheridan county, and asking his removal from said office because thereof; and that thereon an order was issued, and notice thereon given petitioner, fixing April 18, 1912, as the date when he should answer said accusation. On said return day counsel for both state and the defendant in said proceedings, the petitioner herein, appeared before the clerk of the district court for Sheridan county, whereupon, there being no district judge present, the clerk, respondent, made certain entries reciting the nonappearance of defendant and counsel, and also filed a purported order signed by the judge of the adjoining district wherein said judge purports to act in said matter for and at the written request of the judge of said sixth district, wherein said Sheridan county is situated. It was entitled in said removal proceedings, and is as follows: " In the above-entitled action it is hereby ordered by the court on its own motion that the 25th day of April, 1912, at 9 o'clock in the forenoon of said day, at the courthouse in the city of McClusky, county of Sheridan, state of North Dakota, be and the same is the time and place fixed by the court for the trial of the above-entitled action, and the accused (this petitioner) having failed to request that the issues in said action be submitted to a jury, the issues therein will be tried by the court." Dated April 18, 1912. Signed "S. L. Nuchols, Judge of the Twelfth Judicial District, acting on the written request of Honorable W. H. Winchester, Judge of the Sixth Judicial District." This purported order was filed by the clerk, as was also two instruments offered by attorneys for defendants in said proceedings, and one of the petitioners herein, and reading as follows: "The defendants, John Bitz and William Albrecht, appearing specially by their attorneys O. P. Jordal and Geo. Thom, Jr., for the purpose of this motion only, first object to the words 'defendant not appearing the following order was filed,' being dictated to the clerk by C. S. Buck, attorney for plaintiff, and at the same time the defendants appearing specially

object to the jurisdiction of the court and of the Honorable S. L. Nuchols as presiding judge over defendants, for the reason that the records and files of the court do not show that Honorable S. L. Nuchols is sitting by request of the Honorable W. H. Winchester, judge of the sixth judicial district. Defendants further appearing specially and reserving their rights under the foregoing motion, objection to jurisdiction, file objections to the complaint and affidavit of plaintiff herein, said objections being in writing, and are offered for file and made a part hereof." The objections referred to are entitled in said proceedings, and read as follows: "The defendant John Bitz now appears specially herein by his attorneys O. P. Jordal and George Thom, Jr., and gives the court to know and understand that said defendant objects to the jurisdiction of this court on the grounds and for the following reasons: (1) That notice of the accusations made and filed by Thos. D. Morrow, as state's attorney herein, does not state facts to apprise the defendant of the charges against him, and fails to state facts sufficient to notify this defendant of the nature of the charges against him and the facts constituting the alleged cause of action against him. (2) That said accusations fail to state facts sufficient to constitute a cause of action against this defendant; fail to state facts showing that this defendant has been guilty of malfeasance, misconduct in office, or gross incompetency, stating only legal conclusions therein; and likewise fails to state facts sufficient to show any refusal or neglect to perform the duties pertaining to the office of county commissioner of said county. (3) That said accusations as a whole do not state facts sufficient to constitute a cause of action. Dated April 18, 1912." Both the foregoing instruments were filed by the attorneys for the respective defendants therein. The affidavits upon which the alternative writ was issued, and the return of the district judge thereto fully stating all facts, show that the foregoing purported order by said district judge was delivered to counsel for the state appearing in said proceedings, with two other similar orders, together with a direction to said counsel to use whichever order was appropriate according to whether a demand for trial by jury was made or not by defendants in said proceedings. If a demand for jury trial was had, the two different orders should be filed, continuing said cause to a date certain, and directing the summoning of a jury for appearance on

said date. In case no jury trial was demanded the order above set forth, reciting the waiver of a trial by jury and postponing the trial to a date certain as therein ordered, was to be filed with the clerk. The reason that said trial judge delivered said orders to counsel for the state, and left with him the selection of the appropriate order, was the inconvenience and loss of time that would have followed had Judge Nuchols taken the time to have traveled that distance, something over 150 miles, from Mandan to McClusky by rail, or about 70 miles in a direct route across the country by automobile or other means of conveyance. To have made the trip would have taken two or three days' time, and removed him from his duties in the twelfth district during that period. The judge in such manner and for such reasons endeavored to have issue joined in the case, so that one trip to McClusky to try the case would dispose of the entire matter; and with the intention on his part that if on April 16th a demand for a jury was made one could be summoned in the meantime, and on April 24th such trial by jury be had. The foregoing appears from the affidavits and return before this court, the facts being uncontroverted.

It further appears from the return of Judge Nuchols that, prior to the issuance of said orders and on or before April 16th, he was requested by Judge Winchester to assume jurisdiction of said proceeding and attend thereto, and sit, hear, and determine as trial judge the said cause; and acceding to said request and acting thereunder the purported orders were issued. That Judge Winchester had told respondent that he would forward to the clerk of said court for Sheridan county a formal written request for the judge of the twelfth judicial district to act in said matters. Whether said written request was so forwarded to the clerk and by him filed does not appear. But the court will take judicial notice that a delay of one day in mailing the same to said clerk would have resulted in the request reaching him too late for filing prior to the return date fixed for answer to the said accusations. The district judge of the twelfth judicial district acted in any event on the oral request of the judge of the sixth judicial district, and in good faith endeavored to comply therewith, with no intent to unwarrantedly assume jurisdiction in said matter. As both defendants in said proceedings, Albrecht, petitioner, and John Bitz, were being proceeded against jointly, the alternative writ issued out of this

court stayed proceedings as to both of said defendants until the further order of this court.

. Under the foregoing record, the petitioner contends he is entitled to a final writ of review of this court that it may determine that, because of the unwarranted assumption of jurisdiction by the clerk and his entries in said proceedings, made when there was no court in session, a presiding judge being absent, and because of the clerk refusing to make certain entries and recognize the so-called special appearance by them made; and because of the recitals in the purported order filed, continuing the case, wherein it held that "the accused having failed to request that the issues in said action be submitted to a jury, the issues therein will be tried by the court;" that as no court was in session defendants could not confer jurisdiction, and no rights were waived by the filing of the motion and objections made under special appearance. And that all proceedings had, including the order, were void because no jurisdiction existed in the judge of the twelfth district to act in said matter, in the absence of a written request on file from the judge of said district so to do. That. said purported orders were all void, including the one filed, as being an impossible delegation of judicial authority. That, because of the foregoing, this court should order a dismissal of such proceedings, the thirty-day period of time mentioned in § 9646, Rev. Codes 1905, from the date of presentation of said accusations against said defendants herein having expired. The foregoing are the propositions urged by petitioner.

The issuance of the writ of certiorari is controlled by § 7810, Rev. Codes 1905, providing that "a writ of certiorari may be granted by the supreme and district courts when inferior courts, officers, boards, or tribunals have exceeded their jurisdiction and there is no appeal nor, in the judgment of the court, any other plain, speedy, and adequate remedy." Petitioner's right to the writ must be conferred by this statute. He asserts the acts in excess of jurisdiction to consist of the issuance of the order filed April 18th by the respondent clerk, and that it is an excess of jurisdiction for two reasons: (1) Because issued without any written request from the judge of the district wherein the action was pending to respondent judge to act in said proceeding, although it is established an oral request so to act was given; and (2) because the purported order filed was not in fact an order at all, but a

nullity, because it, together with one or more contradictory purported orders, was delivered to the attorney for the state under the instructions hereinbefore mentioned, in effect delegating to said attorney judicial discretion and authority to determine which of said orders should in the future be effective. Petitioner contends that therefore the purported orders were noneffective and void when issued, as they must have been in force when delivered or never of any validity. As to the remedy, petitioner claims that the right of appeal will be inadequate in that, should judgment be adverse to him, he will be deprived of his office pending the appeal. As to his right to thus presume an adverse holding of the trial court, and predicate thereon his right to this particular remedy, we do not pass, as it is unnecessary to a decision of this case; nor do we, for the same reason, decide any of the contentions above urged by petitioner.

Conceding the propriety of the remedy, petitioner must show as a ground for the writ that, at the time of the application therefor to this court and its granting of the order to show cause, that the lower court, by these respondents as officers thereof, was acting without or in excess of jurisdiction. Right here it appears that there has been pending before said court in the removal proceedings since April 18th, and still is undisposed of, the equivalent to a demurrer to the written accusations, the basis for the removal proceedings. Defendants by their attorneys have filed with the clerk in this entitled action the written objections above recited. These were filed under an attempted special appearance, but the law is elementary that the designation of proceedings as taking place under a special appearance does not change the nature of the act done; and if the jurisdiction of the court is invoked, as by demurrer to the subject-matter, the appearance must be held to be a general one; and, even though made under a special appearance, jurisdiction of the person is conferred for all purposes. Had the defendants demurred to the accusations by a written demurrer containing the same matter recited in the so-called written objections, no one would question the sufficiency of the demurrer nor that a general appearance was made. The fact that the written instrument is denominated "objections," and recites that it is made under a special appearance, does not change the situation any more than it would alter the legal effect of the objections made to the sufficiency of the written

accusations. Goldstein v. Peter Fox Sons Co. — N. D. —, 40 L.R.A. (N.S.) 566, 135 N. W. 180, and authorities cited. With said demurrer pending undisposed of, with jurisdiction thereby invoked by defendants, they have no standing in this court on an application for certiorari in which they must assert and establish as a prerequisite of their right thereto the absence or want of jurisdiction of the lower court over the same matter. They cannot at the same time in the same action invoke and establish jurisdiction and then deny its legal effect. Many interesting questions are presented by this application, among them being the validity of the purported order in connection with the circumstances under which it was issued, its validity as an order, issued upon oral but not written request of the judge of the district wherein the proceeding was pending, of the right of petitioner to attempt to review the same without having first made an application for the vacation of the order to the judge of the district wherein the proceeding is pending, pursuant to § 6766, within thirty days from the date of said order; and the propriety of the remedy in any event thereafter, had such an application been made and denied. It is unnecessary to determine any of these questions. But we deem it proper to hold that, conceding without determining the order filed to be valid, it was at least premature and erroneous in that in substance a demurrer to the sufficiency of the removal proceedings was pending undisposed of, and the time had not then and never has arrived when defendants in said proceedings are obliged to plead by answer, must less proceed to trial on issues of fact before either court or jury, should their demurrer be held to be not well taken. That portion of the so-called order, purporting to hold defendants to have waived a jury, for said reasons should be and doubtless will be set aside, as the defendants in said removal proceedings will be entitled on their demand to a jury trial should there be a joinder of issue on the matters of fact contained in the accusations.

Finding, therefore, that no grounds existed for the application for the writ, and that on April 23, 1912, jurisdiction of said removal proceedings was in the trial court of Sheridan county, and it appearing that this court should not permit these abortive certiorari proceedings to, in effect, devest the lower court of its jurisdiction to try, hear, and determine said removal proceedings on the merits, as so to do would be

permitting in effect the roundabout accomplishment of what is by this court denied petitioner, inasmuch as pending determination of these proceedings in this court the thirty-day period of time required by § 9646 within which, from the presentation of said accusations, the lower court was obliged to try all issues in said proceedings; and which period of time having elapsed without fault of the state and because of these proceedings here had and instituted by petitioner; and it appearing that this court, under §§ 6884 and 7328, Rev. Codes 1905, has authority to extend the time under these circumstances within which a trial below may be had on the merits in issue under said office removal proceedings, and that the time within which to try the same should be extended accordingly; now, therefore, it is hereby ordered that the period within which the state may bring said removal proceedings to trial is hereby extended for a period of thirty days from and after the filing of the remittitur and a copy of this opinion herein with the clerk of the district court of Sheridan county, North Dakota, that such further proceedings on that behalf may be taken in conformity with law within such thirty-day period as may be deemed necessary; that the application for writ is denied and these proceedings dismissed. That the remittitur, together with a certified copy of this opinion, be forthwith transmitted to the clerk of the district court of Sheridan county, to be by such officer, respondent, filed as an order of this court made in the proceedings pending for removal of this petitioner and his co-defendant in said proceedings; and that the order extending the time for hearing therein shall operate to extend the time as to both this petitioner and his co-defendant in said proceedings, inasmuch as proceedings were by the order of this court on April 23, 1912, stayed as to both. No costs to be taxed.

Let judgment be entered accordingly.