[File No. 7272]

COMMON SCHOOL DISTRICT NO. 126 of CASS COUNTY, NORTH DAKOTA, a public corporation and W. W. Brudevold, Andrew Kaastad and Duane Combs, as members of the School Board of Common School District No. 126 of Cass County, North Dakota, Respondents, v. CITY OF FARGO, a municipal corporation, Murray A. Baldwin, as President, and Fred C. Hagen, James P. Dunn, Donald C. Fraser and Earl J. McCannel, as members of the Board of City Commissioners of the City of Fargo; Annexation Review Commission of Cass County, North Dakota and P. M. Paulsen, H. L. Ecklund and Lee F. Brooks, as members of said Annexation Review Commission, Appellants.

(51 NW2d 364)

Opinion filed January 18, 1952

584

*Norman G. Tenneson,* for appellants.

*Burnett, Bergesen, Haakenstad & Conmy* and *Ohnstad & Mc-Cauley,* for respondents.

*C. L. Foster,* amicus curiae.

SATHRE, J. This is a proceeding brought by Common School District No. 126 of Cass County, North Dakota, a public corporation and W. W. Brudevold, Andrew Kaastad and Duane Combs, as members of the School Board of said Common School District against the City of Fargo, a municipal corporation and the members of the City Commission of Fargo, and the Annexation Review Commission of Cass County, and P. M. Paulsen, H. L. Ecklund and Lee Brooks, as members of said Annexation Review Commission.

The plaintiff, Common Schoool District No. 126 consists of sections 2 and 3 in Barnes Township, Cass County, North Dakota. The South boundary of the district runs along U. S. Highway No. 10. The district maintains a five room school house and employs five teachers teaching eight grades and is a grade school. The total assessed valuation of the district at last finally equalized prior to the annexation proceedings was $164,054.

The City Commissioners of the City of Fargo, on April 2, 1949 passed and adopted a resolution annexing certain territory to the City of Fargo, which included a portion of Common School District No. 126, the plaintiff herein. The annexation proceedings were brought under Chapter 40–51 NDRC 1943, relating to inclusion of territory in and exclusion of territory from municipalities. The area described in said resolution lies to the West of Fargo, in Barnes Township and extends for a distance North and South of U. S. Highway No. 10. The resolution was published in the manner and form prescribed by law. On May 20, 1949, a majority of the property owners having property within the area proposed to be annexed filed with the city auditor of the City of Fargo, protests against the proposed annexation, and similar protests were filed by the plaintiff, Common School District No. 126, and by the Board of Supervisors of Barnes Township. Barnes Township and the in-

dividual property owners, however, are not the parties to this action.

A public hearing was had before the Board of City Commissioners on June 6, 1949, at which time all who had protested against the annexation were given an opportunity to be heard. After hearing upon such protests the Board of City Commissioners duly considered the matter of annexation, and on June 28, 1949, passed a resolution completing the annexation, and on the same day passed a resolution expressing willingness to discuss with persons, corporations, and public bodies such problems as might result from the annexation of the territory involved to the City of Fargo. Section 40–5110 and 40–5111 provide for an appeal in such cases to the Annexation Review Commission consisting of the County Judge, as chairman, and the State's Attorney and the chairman of the Board of County Commissioners. On July 6, 1949, the plaintiff perfected an appeal to the said Annexation Review Commission. A hearing was commenced before said Annexation Review Commission on August 22, 1949 and continued from time to time until the hearing was completed. On April 24, 1950 the Annexation Review Commission dismissed the appeal and affirmed the Annexation proceedings of the City Commission.

The plaintiff, Common School District, No. 126, then petitioned the District Court of Cass County for a Writ of Certiorari to review the action of the Board of City Commissioners and the Annexation Review Commission.

The petition alleges among other things that the City of Fargo is a special school district, that the extension of the City limits would automatically extend the limits of the Fargo School District to the same extent; that the annexation, if effective would detach territory from plaintiff School District; that the City of Fargo, and the Annexation Review Commission exceeded their jurisdiction in effecting the annexation; that the proceedings violated the provisions of section 15–2716 NDRC 1943, in that such annexation would leave the plaintiff Common School District No. 126 with less than $100,000.00 assessed valuation for each teacher employed therein, and alleges further that all of

said proceedings were null and void and of no effect. Section 15–2716 is as follows:

"No territory shall be detached from one school district for annexation to a special school district if the part of the original district remaining after the proposed annexation would have an assessed valuation of less than one hundred thousand dollars for each teacher employed in the remaining territory, or less than one hundred twenty-five thousand dollars for each teacher employed in the remaining territory if the remaining territory has a graded or consolidated school with two or more teachers".

The Writ was issued on the 2nd day of June 1950 and on the 29th day of September 1950 the district court made its order to the effect that the City Commission and the Annexation Review Commission had exceeded their jurisdiction and that all the proceedings of the Board of the City Commissioners and of the Annexation Review Commission were in violation of section 15–2716 NDRC, 1943 and further ordered said proceedings to be vacated, annulled, set aside and quashed, and that the City of Fargo be restrained from assessing or collecting any taxes on property within said territory or assuming any jurisdiction therein not permitted by law so long as the same remains outside the corporate limits of the said City of Fargo.

Judgment was entered accordingly.

From said Judgment and the whole thereof the defendants have appealed.

The question as to the extent of the powers of the court in certiorari proceedings was argued at length by counsel for both sides. The use of the Writ of Certiorari and the circumstances under which it may be invoked are defined by sections 32–3301 and 32–3309, NDRC, 1943.

"32–3301, A Writ of Certiorari, shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of

the court, it is deemed necessary to prevent miscarriage of justice".

"32–3309, Except as otherwise provided by law, the review upon a Writ of Certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board or officer".

These statutes have been considered by this court on several occasions and we have uniformly held that certiorari will lie only to review acts in excess of jurisdiction. In the recent case of State ex rel. Dreyer v. Brekke, 75 ND 468, 28 NW2d 598, we said:

"This Court has often had occasion to consider and apply this statute and has uniformly held that certiorari will lie only to review acts in excess of jurisdiction. See State ex rel. Johnson v. Clark, 21 ND 517, 131 NW 715, and cases cited therein; State ex rel. Noggle v. Crawford, 24 ND 8, 138 NW 2; State ex rel. Wehe v. Frazier, 47 ND 314, 182 NW 545; Baker v. Lenhart, 50 ND 30, 195 NW 16; State ex rel. Ness v. Fargo, 63 ND 85, 246 NW 243; State ex rel. Olson v. Welford, 65 ND 622, 260 NW 593; Bryan v. Olson, 68 ND 605, 282 NW 405".

The main contention of the plaintiff school district is that the extension of the city limits would automatically extend the limits of Fargo School District to the same extent; that the annexation, if effective, would detach territory from plaintiff school district and leave the remaining part thereof with an assessed valuation of less than the minimum fixed by said section 15–2716. The district court adopted this view and held that the City Commission and the Annexation Review Commission exceeded their jurisdiction in disregarding the provisions of Section 15–2716.

The annexation proceeding involved here was not brought by the Board of Education of the City of Fargo, nor is the Board a party to said proceeding. The City Commission of the City of Fargo brought the proceeding under the provisions of Chapter 40–51 NDRC, 1943, governing extension of City boundaries. The applicable statutes are:

Section 40–5107, 1949 Supp NDRC 1943, and section 40–5108 to section 41–5112 both inclusive NDRC, 1943 viz:

"40–5107, The governing body of a city, by resolution passed by two-thirds vote of its members, may extend the boundaries of the city to increase the territory within the corporate limits by not more than one-fourth of its area. The resolution shall describe particularly the land proposed to be incorporated within the city limits, setting forth the boundaries thereof and describing the land platted by blocks and lots. This section shall not authorize a city so as to extend its boundaries as to include territory within another incorporated municipality".

"40–5108, The resolution of the governing body of a city adopted pursuant to section 40–5107 shall be published in the official newspaper of the city once each week for four successive weeks, and the territory described in the resolution shall be included within and shall become a part of the city unless a written protest of the proposed extension signed by a majority of the owners of property within the territory described in the resolution is filed with the city auditor within ten days after the last publication of the resolution. If such protest is filed, the governing body shall hear the testimony offered for or against such annexation. If the governing body, after hearing the testimony and making a personal inspection of the territory proposed to be annexed, is of the opinion that such territory ought to be annexed, it may order the territory included within the corporate limits by a resolution passed by a two-thirds vote of members of the governing body. If the greater portion of the territory proposed to be annexed consists of land used exclusively for farming or pasturage purposes, it shall not be annexed."

"40–5109, Upon a written demand filed with the governing body of the city at or prior to the hearing of any of the parties affected thereby, all proceedings held under this chapter and the testimony submitted at such hearing shall be reduced to writing and filed in the office of the city auditor."

"40–5110, Any person feeling aggrieved by the action of the governing body in extending the limits of the city in accordance with section 40–5107 may appeal therefrom within ten days

from the date hereof by filing with the county judge of the county in which the city is situated a notice of appeal stating the grounds upon which the appeal is based. A copy of the notice of appeal shall be served upon the proper executive officer of the city".

"40–5111, An appeal taken under section 40–5110 shall be heard and determined by the Annexation Review Commission which shall be composed of the county judge, state's attorney, and the chairman of the board of county commissioners, and the county judge shall be the chairman of such commission. The chairman of the commission shall designate the time and place at which the commission shall meet to consider the appeal and at such time and place, the commission shall hear the evidence for or against such annexation and render its decision accordingly".

"40–5112, The executive officer of any incorporated city shall file a plat in the office of the register of deeds showing the corporate limits and boundaries of the city at the time of its incorporation and any changes made in its limits from time to time subsequent to incorporation".

It is undisputed that the City Commission and the Annexation Review Commission complied with the provisions of the statutes quoted and had jurisdiction under the powers granted thereunder. And if they had jurisdiction to extend the boundaries of the city it follows that the part of Common School District No. 126 embraced in the territory annexed would automatically become a part of Fargo School District.

This question was before this court in the case of Harrison School District No. 2 v. City of Minot, 48 ND 1189, 189 NW 338. In that we said:

"We are of the opinion that where an incorporated city alone is organized as a special school district, the boundaries of the special school district constantly remain the same as the boundaries of the city; and in no event can the territory embraced within the special school district be less than the territory within the corporate limits of the city. And where, as here, the boundaries of the city are extended, it follows, we think, as a necessary legal consequence, that the boundaries of the special school district are similarly extended, and that the territory so annexed to the city also becomes a part of the

special school district, and subject to the control and jurisdiction of the Board of Education thereof. Similar conclusions have been reached by other courts in considering similar situations".

To the same effect see: Weeks v. Hetland, 52 ND 351, 202 NW 807.

It is argued that although the provisions of Chapter 40–51 NDRC 1943 have been complied with, the city commission of the City of Fargo and the Annexation Review Commission had no power to consummate an annexation which would have the effect of extending the boundaries of Fargo Special School District by detaching territory from Common School District No. 126 to an extent that would result in reducing the assessed valuation of the latter district below the minimum prescribed by Section 15–2716 NDRC.

Section 15–2716 in its original form was enacted by the Legislative Session of North Dakota for 1890 as part of the laws relating to education and it appeared as section 786 of the Revised Codes of North Dakota of 1895. The Legislative Session of 1897 amended and practically rewrote the laws relating to education, including said section 786. It was amended from time to time and appeared as section 1240 of Article 9 Special Districts in the Compiled Laws of North Dakota for 1913, and provided:

"When any special school district has been organized and provided with a board of education under any general law, or a special act, or under the provisions of this article, territory outside the limits thereof but adjacent thereto may be attached to such special school district by the board of education thereof, upon application in writing signed by a majority of the voters of such adjacent territory; . . . and upon such application being made, if such board shall deem it proper to the best interests of the school of such corporation, and of the territory to be attached, an order shall be issued by such board attaching such adjacent territory to such corporation for school purposes, and the same shall be entered upon the records of the board."

Section 1240 Compiled Laws of North Dakota 1913 was

amended by Chapter 196 of the Session Laws of 1919 in which amendment there appeared for the first time the proviso: "provided, that no territory shall be annexed from any school district where the part remaining after such proposed annexation would have an assessed valuation of less than One Hundred Thousand Dollars for each teacher employed in such remaining territory."

The title to the amendment recites that it relates to territory· adjacent to special school districts and is as follows:

"An Act to Amend and Re-enact Section 1240 Compiled Laws of North Dakota for the years 1913, Relating to Adjacent Territory in Special School Districts".

Said Section 1240 Compiled Laws of 1913 as amended by Chapter 196 Session Laws of 1919 was subsequently amended by Chapter 246 Session Laws of 1927 and by Chapter 311 Session Laws of 1929, but in all of these amendments this section has retained its distinctive character as having application only to annexation and detachment of adjacent territory·by special school districts. Said Section 1240 now appears as. Section 15–2716 in Chapter 15–27 of NDRC 1943, relating to organization and dissolution of special. school districts.

We are agreed that section 15–2716 has no application to annexation proceedings brought by cities under Chapter 40–51 NDRC 1943, and in no way limits the powers of cities granted thereunder. Chapter 40–51 and Chapter 15–27 are separate and independent of each other and deal with different subject matter. The former relates to annexation of territory by cities and the latter relates to attachment of contiguous territory by special school districts.

· ·In this case the City of Fargo ·annexed territory under the powers granted by Chapter 40–51 NDRC 1943 governing extension of city boundaries. The boundaries of Fargo School District were thereby automatically extended to include the annexed territory. Harrison School District v. City of Minot, 48 ND 1189, 190 NW 338; Weeks v. Hetland, 52 ND 351, 202 NW 807. This results from the action of the City Commission and not from any action by the Board of Education of the City of

Fargo. Section 15–2716 NDRC 1943 has application to annexation of territory by special school districts. In no case does it prevent annexation by a City under Chapter 40–51 NDRC 1943 and the extension of the boundaries of a special school district to coincide with those of the city. It necessarily follows, therefore, that the part of plaintiff Common School District No. 126 included in the territory annexed to the City of Fargo became a part of the Fargo School District.

The judgment of the District Court is reversed and the injunction issued thereunder is vacated and dissolved.

Morris, Ch. J., and Christianson, Grimson and Burke, JJ., concur.