JOHNSON *v.* STATE.

4829                                                 284 S. W. 2d 627

Opinion delivered December 12, 1955.

720

*Floyd Terral,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

SAM ROBINSON, Associate Justice. This is a petition for a writ of certiorari. The petitioner was charged with the offense of possession of an unlawful amount of intoxicating liquor in a dry county. The information filed by the prosecuting attorney is as follows: "I, A. James Linder, Prosecuting Attorney within and for the Tenth Judicial Circuit of the State of Arkansas, of which Ashley County is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant Clarence Johnson of the crime of possession of unlawful amount of intoxicating liquor, 5th offense, committed as follows, to-wit: The said defendant on the 30 day of April, 1955, in Ashley County, Arkansas, did unlawfully possess over the legal amount of intoxicating liquor, which was his fifth offense against the peace and dignity of the State of Arkansas." The information was filed on October 17, 1955, and three days later, on October 20, the defendant entered a plea of guilty and was sentenced by the court to serve five years in the penitentiary, two years of the sentence being suspended pending good behavior.

Ark. Stats., § 48-918, is as follows: "From and after the passage and approval of this act it shall be unlawful **for any person, firm or corporation** to possess in any County or part thereof in this State in which it is unlawful to manufacture, sell, barter, loan or give away intoxicating liquors, more than one [1] gallon of **spirituous,** vinous or malt liquors. And that such liquor or liquors so found in the possession of any person shall be confiscated by an Order of the Court of a competent

jurisdiction. The provisions of this act shall not apply to common carriers in transit through such county providing further that the provisions of this act shall not apply to licensed bonded dealers or individuals in transit, when said individuals are not residents of said dry County." Ark. Stats., § 48-919, provides: "Any person, firm, or corporation violating the provisions of this act shall be guilty of a misdemeanor and shall be fined not less than fifty dollars [$50.00], nor more than five hundred dollars [$500.00]."

It will be seen that the unlawful possession of intoxicating liquor in a dry county is a misdemeanor, and even though it may be the fifth offense, it is still not a felony. Petitioner is not charged with the offense of possessing liquor for sale. The court exceeded its jurisdiction in sentencing the defendant to the penitentiary on his plea of guilty of a misdemeanor. Certiorari is the proper remedy. *Reese* v. *Cannon,* 73 Ark. 604, 84 S. W. 793; *Ex Parte Goldsmith,* 87 Ark. 519, 113 S. W. 799; *Switzer* v. *Golden,* 224 Ark. 543, 274 S. W. 2d 769.

Since the punishment assessed by the trial court is greater than that provided by law the judgment will be quashed and a judgment entered for the maximum penalty provided by statute for the offense with which the defendant is charged. Ark. Stats., § 43-2308. The maximum penalty which may be assessed on the charge of possessing more than the legal amount of intoxicating liquor in a dry county is a fine of $500.00. Apparently the petitioner has been sent to the State Penitentiary and he should be given credit on the fine for any time he has served in prison. The mandate shall be issued immediately.