STATE of North Dakota, Plaintiff and Respondent,

v.

Royal E. ZIESEMER, Defendant and Petitioner.

Cr. No. 289.

Supreme Court of North Dakota.

Dec. 29, 1958.

Leslie R. Burgum, Atty. Gen., and Dale H. Jensen, Asst. Atty. Gen., Bismarck, for respondent.

William E. Heller, Bismarck, for petitioner.

MORRIS, Judge.

Royal E. Ziesemer petitioned this court for a writ of habeas corpus. A writ was issued directing that the petitioner be brought before this court on November 12, 1958 at ten o'clock a. m., at which time a hearing was held. The record shows that he was arrested on August 19, 1957 on a warrant issued pursuant to a complaint charging him with the commission of the crime of obtaining money by false pretenses on June 24, 1957. He waived preliminary hearing and was bound over to the District Court of McHenry County. On August 23, 1957 the state's attorney of McHenry County filed in the district court of that county a Criminal Information charging that the petitioner on June 24, 1957 committed the crime of obtaining money under false pretenses and that he:

> "did then and there on 24th day of June, 1957, willfully, unlawfully and feloniously, with intent to defraud or cheat Ethel Dobler, by color or aid of a false token or writing, to-wit: pass a check to complainant herein, under date of June 24, 1957, which check was drawn on the First National Bank in Drake, N. D. which was in the amount of $10.00 and when the same was presented for payment, it was returned and marked 'NSF', all to obtain money from the said Ethel Dobler."

The petitioner was on the same day arraigned before Honorable Asmundur Benson, judge of the district court, and signified his intention to plead guilty. A copy of the Information was handed to the petitioner and the Information was read aloud in open court by the state's attorney. In response to questions by the court he stated that he was twenty-eight years of age, had lived in North Dakota about three years at Minot and Anamoose, that Ethel Dobler operated a business establishment in Anamoose, that the petitioner gave her a check for ten dollars drawn on the First National Bank of Drake in which he had an account but did not have sufficient

funds therein to pay the check. He admitted he had been arrested before for passing checks without sufficient funds and also for grand larceny of some mink hides which he stole at Freeborn, Minnesota, for which he served a sentence at the Reformatory at St. Cloud, Minnesota. The court advised the petitioner that he was entitled to be represented by an attorney and that if he was not able to provide an attorney himself the court would appoint one for him. He declined the services of an attorney. A lengthy colloquy then followed between the court and the petitioner regarding other checks the petitioner had written without funds in the banks to meet them. The court asked him if he was ready to enter his plea. After an affirmative answer the court asked him whether he pleaded guilty or not guilty to which the petitioner replied, "Guilty." After some further discussion regarding restitution the court sentenced the petitioner to confinement in the state penitentiary for a period of from one to five years. The petitioner now seeks his release from confinement pursuant to that sentence.

▮ The petitioner challenges the jurisdiction of the trial court and the validity of his sentence on a number of grounds. He complains that he was not properly advised by the court of his constitutional rights at the time of pleading guilty including the right to counsel. These contentions are wholly unsubstantiated and without sufficient merit to warrant discussion.

The petitioner complains that he:

"was not informed of the nature and cause of the accusation as guaranteed him by Article VI of the amendments to the constitution of the U. S."

This article guarantees a speedy trial to those being prosecuted in federal courts. It has no application to prosecutions in state courts. 14 Am.Jur., Criminal Law, Sec. 134; 22 C.J.S. Criminal Law § 467b. This being a prosecution in a state court the article has no application here.

The petitioner's next contention is that his sentence was imposed under Section 12–3804, NDRC 1943 and Section 12–3807, 1957 Supplement to NDRC and that Chapter 99, Session Laws N.D.1957 (Section 6–0816, 1957 Supplement to NDRC) is in conflict with and supersedes the two sections first mentioned with respect to the use of checks for obtaining money under false pretenses. It is argued that since Chapter 99, Session Laws N.D.1957 makes the issuance of a check on a bank without sufficient funds therein a misdemeanor and being a later act, a felony prosecution under Sections 12–3804 and 12–3807 as amended will not lie against the defendant and that therefore the court exceeded its jurisdiction in sentencing him for a felony.

▮ The petitioner argues for the application of what appears to be the general rule that if a new statute provides a milder punishment than was before imposed for the same offense it will be construed to repeal by implication so much of the old law as concerns the punishment. People v. Sponsler, 1 Dak. 289 (277), 46 N.W. 459. This rule, however, is based upon presumed legislative intention arising from the enactment of a later law. The rule is more comprehensively stated by the U. S. Supreme Court in United States v. Tynen, 11 Wall. 88, 20 L.Ed. 153, a case involving criminal penalties, as follows:

"When there are two acts on the same subject the rule is give effect to both if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

▮ To determine the intention of the legislature we refer to the statute last

enacted, Section 6–0816, 1957 Supplement to NDRC. It provides, among other things, that every person who issues a check upon a bank for the payment of money not having an account therein or knowing at the time of issuance that there are not sufficient funds in or credit with such bank for the payment of the check in full upon presentation shall be punished by a fine of not more than one hundred dollars or by imprisonment in the county jail for not more than thirty days or both. However, this statute specifically provides that:

"This statute (section) shall not be construed to nullify or supersede section 12–3807 of this Code, as heretofore amended."

Section 12–3807 provides that:

"The use of a matured check or other order for the payment of money, as a means of obtaining any signature, money, or property, such as is specified in sections 12–3804, 12–3805 and 12–3806, by a person who knows that a drawer thereof is not entitled to draw for the sum specified therein, upon the drawee, is the use of a false token within the meaning of those sections although no representation is made in respect thereto."

Section 12–3804, NDRC 1943 provides a maximum penalty of three years imprisonment in the penitentiary for one who obtains money or property in violation of that section. It is the clearly expressed intention of the legislature that it did not intend by the enactment of Section 6–0816, 1957 Supplement to NDRC to repeal or supersede by implication either in whole or in part the penalties applicable to violations of Section 12–3807. The trial court therefore on the petitioner's plea of guilty to obtaining money under false pretenses had jurisdiction to impose a sentence under the provisions of Sections 12–3804, NDRC 1943 and 12–3807, 1957 Supplement to NDRC. This being a proceeding in habeas corpus our inquiry goes only to the extent of determining whether the court acted within its jurisdiction. State v. Feist, N.D., 93 N.W.2d 646.

The petitioner further contends:

"That the court exceeded its jurisdiction in sentencing defendant for from one to five years inasmuch as the maximum sentence under the provisions of section 12–3804 NDRC of 1943 is one to three years."

The petitioner is correct in his contention that the maximum sentence that can be imposed for the first offense of obtaining money under false pretenses is three years in the penitentiary. In Wharton's Criminal Law and Procedure, Section 2239, it is said:

"In the case of a sentence which was merely excessive, if the court which imposed it had jurisdiction of the person and subject matter, such sentence was not void ab initio because of the excess, but was good in so far as the power of the court extended and was invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on habeas corpus until he has suffered or performed as much of it as was within the power of the court to impose."

To the same effect 25 Am.Jur., Habeas Corpus, Section 59.

The sentence under which the petitioner is serving being void only as to the excess beyond that which could have been lawfully imposed and the period of lawful imposition having not yet expired the excessive sentence does not render his present restraint unlawful. We do not find that his restraint is unlawful upon any of the grounds urged by the petitioner. The relief he seeks is therefore denied.

GRIMSON, C. J., and SATHRE and BURKE, JJ., concur.