Thomas J. WALTMAN, Petitioner,

v.

W. J. AUSTIN, Judge of the Burleigh County
Court With Increased Jurisdic-
tion, Respondent.

Cr. 338.

Supreme Court of North Dakota.

May 11, 1966.

Fleck, Smith, Mather, Strutz, Mayer & Stewart, Bismarck, for petitioner.

Gerald B. Glaser, Asst. State's Atty., Burleigh County, Bismarck, for respondent.

MURRAY, Judge.

This is a proceeding on a writ of certiorari to review a sentence imposed by a Judge in the County Court with Increased Jurisdiction after a plea of guilty to a charge of issuing a check without sufficient funds contrary to the provisions of Section 6–08–16, N.D.C.C., as amended by Chapter 110 of the Session Laws of 1961.

The above statute provides the penalty to be imposed. It states the defendant "shall be punished by a fine of not less than ten dollars, and not more than one hundred dollars, or by imprisonment in the county jail for not more than thirty days, or by both such fine and imprisonment." The petitioner in this case was sentenced to the state farm for a term of six months, to pay a fine of fifty dollars, and costs were taxed in the amount of fifty dollars.

The petitioner moved in the county court with increased jurisdiction to vacate the sentence on the grounds that it is void for the reason that it is in excess of that authorized by law. The motion was denied, whereupon the instant proceeding in certiorari was brought in this court.

In accordance with the writ, the pertinent records have been certified to this court. The petitioner is presently confined pursuant to the conviction and sentence.

The proceeding being one for certiorari, the scope of review is limited by statute. Section 32–33–01, N.D.C.C., provides:

"A writ of certiorari shall be granted by the supreme court * * * when an * * * inferior court has exceeded the jurisdiction of such * * * inferior court, * * * and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court,

*it is deemed necessary to prevent miscarriage of justice."* (Emphasis supplied.)

There is no dispute in the facts, and the first question confronting us is whether the court had authority to sentence the petitioner to six months at the state farm for the crime charged.

The justification for the six months' sentence imposed is premised on Section 12-51-07, N.D.C.C., as amended. It provides as follows:

> "The judges of the district courts, and of the county courts with increased jurisdiction, may commit to the state farm, so far as the capacity of the farm shall permit, all male persons who otherwise would be committed to the county jail or to the penitentiary for violation of any criminal law of this state, where the sentence is not less than thirty days nor more than one year provided that no person shall be committed to the state farm who:
>
> "1. Has at any time been convicted of a sexual offense; or
>
> "2. Has served a sentence or portion thereof in a penitentiary upon conviction of a felony; or
>
> 3. Has a history of moral or sexual degeneration.
>
> A person committed to the state farm shall not be deemed to have been convicted of a felony, but shall be deemed to have been convicted of a misdemeanor."

It is contended this is a general penalty statute that provides an alternative punishment for the violation of any criminal law of this state. This argument is premised on the use of the word "sentence" as distinguished from "penalty" and that it refers to "persons who otherwise would be committed to the county jail or to the penitentiary for violation of any criminal law of this state."

■ We cannot agree with this interpretation. The language of Section 12-51-07, supra, is clear. It provides that the named judges "may commit to the state farm, * * * all male persons who otherwise would be committed to the county jail or to the penitentiary for violation of any criminal law of this state, where the sentence (imposed) is not less than thirty days nor more than one year * * *." This construction is made explicitly clear when we consult Black's Law Dictionary, 4th Ed., where the word "sentence" is defined as follows:

> "The judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, awarding the punishment to be inflicted. Judgment formally declaring to accused legal consequences of guilt which he has confessed or of which he has been convicted. The word is properly confined to this meaning."

See also Volume 38, Words and Phrases, permanent edition, where the word "sentence" has been defined by many courts as the judgment of the court in criminal cases.

We find upon examination of our statutes on criminal law that the word "sentence" is used in this sense many times. Section 12-06-04, N.D.C.C., provides that upon a legal conviction a duty devolves upon the court "authorized to pass sentence" to determine and impose the punishment. Section 12-06-07, N.D.C.C., allows discretion to "the court imposing the sentence" to refrain from "imposing sentence" for a definite term but may impose an "indeterminate sentence" and the person "so sentenced," etc. Section 12-06-24 provides that when any person is convicted of two or more crimes "before sentence has been pronounced" the imprisonment "to which he is sentenced" upon the second or subsequent conviction may be made to run consecutively or concurrently with the first. Section 12-06-27 provides that "A sentence of imprisonment in the penitentiary" under certain circumstances suspends a defend-

ant's civil rights. And Section 12–06–30 provides in certain cases prisoners may be employed while on parole after being "convicted of a misdemeanor and sentenced to the county jail."

■ It is clear to us that the term "sentence" as used in the statute in question and in our criminal law refers to the judgment of the court formally pronounced awarding punishment to be inflicted. We hold that Section 12–51–07, as amended, is not a penalty statute. The statute merely provides another institution wherein offenders may be committed to serve the sentence imposed.

Having determined that Section 12–51–07, as amended, supra, is not a penalty statute, we must now determine whether the sentence imposed is void, or merely excessive.

The crime charged is punishable by imprisonment in the county jail for not more than thirty days. Thus, it is a crime for which one may be committed to the state farm in lieu of the county jail, provided the sentence imposed is not less than thirty days, the defendant has not previously been convicted of a sexual offense, has not served a sentence or a portion thereof in a penitentiary upon conviction of a felony, or does not have a history of moral or sexual degeneration. The record before us does not establish any of these disqualifications and we must assume, in view of the fact that he was sentenced to the state farm, they do not exist.

■ The petitioner maintains the entire sentence is void as there is no real, valid portion separable therefrom. This argument is premised on the fact that the defendant was sentenced to a certain number of months, whereas the statute authorizes a permissible penalty in days. He argues the only divisible portion of a six months' sentence is a month, and that months may have anywhere from twenty-eight to thirty-one days. No authority is cited by petitioner in support of this argument and we have found none. We do not believe it has merit.

In State v. Ziesemer, N.D., 93 N.W.2d 803, we held where a sentence is imposed in excess of statutory limitations, it is lawful to the extent of the statutory maximum. We said, in the syllabus,

"Where a sentence has been imposed in excess of that provided by statute the sentence is lawful to the extent of the statutory maximum and a person in custody under such a sentence cannot be discharged on habeas corpus until the expiration of the time for which he could have been lawfully sentenced."

■ Sentence was imposed March 29, 1966, to commence April 12, 1966. Thirty days have not expired from the commencement of the sentence. The trial court had jurisdiction of the person and of the offense. The imposition, by mistake or otherwise, of a sentence in excess of what the law permits does not render the sentence void *ab initio* because of the excess, but is good insofar as the power of the court extends. Ex parte Moore, 71 N.D. 274, 300 N.W. 37; State v. Ziesemer, supra. See Wharton's Criminal Procedure, Sec. 2239, p. 479; 24 C.J.S. Criminal Law § 1584; 21 Am.Jur.2d, Criminal Law, Sec. 536.

■ To the extent that the sentence of the court purports to impose a sentence in excess of that which is authorized by law, the sentence is void. State v. Ziesemer, supra, see 93 N.W.2d page 806.

A troubling aspect in this case is the question of what is meant by "jurisdiction." There is jurisdiction of the person and the offense in this case.

However, the South Dakota court has answered this in the case of In re Taber, 13 S.D. 62, 82 N.W. 398, 399, as cited in State ex rel. Engebritson v. Circuit Court for Grant and Day Counties, 69 S.D. 454,

11 N.W.2d 659, at p. 661, 150 A.L.R. 739, as follows:

"Some of the older authorities regarded jurisdiction of the matter and of the person sufficient to give the court jurisdiction to pronounce a judgment which could not be successfully assailed by this writ. The rule now supported by high and abundant authority and excellent reason is that the court must not only have jurisdiction over the person and the matter, *but authority to render the particular judgment.* The judgment is not conclusive upon the question of the authority of the court to render it." (Emphasis supplied.)

In broader terms, to determine whether a sentence in excess of statutory limits constitutes exceeding jurisdiction, we note the following:

"The term 'jurisdiction,' as applied to criminal courts, means the power to hear and determine a given case, or the power of a court to act in a certain manner; it is the power to inquire into the fact, to apply the law, *and to declare the punishment for an offense in a regular course of judicial proceeding,* or, stated more broadly, the right of administering justice through the laws, by the means which the law has provided for that purpose. It is a term of comprehensive import, embracing every kind of judicial action on the subject matter, from the finding of the indictment to the pronouncing of sentence." (Emphasis supplied.) 22 C.J.S. Criminal Law § 107, p. 298.

The Supreme Court of California, although passing upon a civil matter and perhaps in the nature of dictum, has said the following in this regard:

"The difficulty arises from the different shades of meaning which the word 'jurisdiction' has. As sometimes used, it means simply authority over the subject-matter or question presented. In this sense the Commission undoubtedly had jurisdiction in this case and its award was not without jurisdiction on its part. But the word is frequently used as meaning authority to do the particular thing done, or, putting it conversely, a want of jurisdiction frequently means a want of authority to exercise in a particular manner a power which the board or tribunal has, the doing of something in excess of the authority possessed. A good illustration of a want of jurisdiction of this latter sort is the imposing by a court upon a person convicted of crime of a sentence in excess of that permitted by the statute. The court had jurisdiction to sentence the convicted person, but it did not have jurisdiction to impose a sentence not permitted by law; that is, it acted in excess of its power in so doing. Such excesses of jurisdiction can be reviewed on certiorari." Rodman v. Superior Court, 13 Cal.2d 262, 89 P.2d 109 at page 113. (Quoting from earlier authority, Spreckels S. Co. v. Industrial Accident Commission, 186 Cal. 256, 199 P. 8, p. 9.)

We have searched the authorities to find cases wherein it has been held that it does constitute exceeding jurisdiction, for a court to grant an excessive sentence. We have found that, in the State of Arkansas, the Supreme Court has been granted general powers pertaining to such writs, as follows:

"* * * shall have power to issue writs of error, supersedeas, certiorari, habeas corpus, prohibition, mandamus, and quo warranto, and other remedial writs, and to hear and determine the same * * *."

These powers are granted by Section 22–200 (d) Vol. 3, Arkansas Statutes 1947 Anno. The Arkansas court rendered two decisions, upholding the use of certiorari where the court had given an excessive sentence. These cases are Switzer v. Golden, 224 Ark. 543, 274 S.W.2d 769; Johnson v. State of Arkansas, 225 Ark. 719, 284 S.W. 2d 627.

The most definitive statement is given at page 628, 284 S.W.2d reading as follows:

"* * * The court exceeded its jurisdiction in sentencing the defendant to the penitentiary on his plea of guilty of a misdemeanor. Certiorari is the proper remedy. Reese v. Cannon, 73 Ark. 604, 84 S.W. 793; Ex parte Goldsmith, 87 Ark. 519, 113 S.W. 799; Switzer v. Golden, [224] Ark. [543], 274 S.W.2d 769.

Since the punishment assessed by the trial court is greater than that provided by law the judgment will be quashed and a judgment entered for the maximum penalty provided by statute for the offense with which the defendant is charged. Ark.Stats. § 43–2308. The maximum penalty which may be assessed on the charge of possessing more than the legal amount of intoxicating liquor in a dry county is a fine of $500.00. Apparently the petitioner has been sent to the State Penitentiary and he should be given credit on the fine for any time he has served in prison."

In both of these cases the defendant was given credit for the time he had already served in figuring his correct sentence.

More general statements dealing with the subject of excessive sentence will be found at 21 Am.Jur.2d 517 and 518.

We quote also 14 Am.Jur.2d 786, as follows:

"Generally, any acts which exceed the defined power of a court in any instance, whether that power is defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are in excess of jurisdiction insofar as that term is used to indicate that those acts may be annulled on certiorari."

It is quite correct that we could require this petitioner to wait until he has served his thirty days and then institute proceedings in habeas corpus when his right thereto ripens, as he then clearly would have the right to do and undoubtedly would be successful. And with this we believe the dissenting minority of this court agrees, namely that his right to habeas corpus would then be absolute. However, we deem it would be a gross miscarriage of justice if we were to act in that manner. Petitioner is unjustly and illegally held, as of the time his thirty days expire, and should not be required to serve one minute thereafter. The time consumed in proceeding under the writ of habas corpus after that time would be the time in which he would be unjustly imprisoned in violation of his rights and the statutes and the Constitution. The matter of principle involved herein is so serious and so grave that we so act.

We want to emphasize that this is a criminal case and that this particular defendant received an excessive sentence under a specific statute. We have found many civil cases involving certiorari in the state, but these are not directly applicable. The case of Green v. Whipple (N.D.) 89 N.W.2d 881, does deal with a criminal matter, but is not pertinent or in point.

A clear distinction must be drawn between a criminal and a civil action in connection with this writ. In a criminal case, a citizen is being deprived of his personal liberty. In a civil case, we are dealing merely with property rights and there are other remedies. Clearly, this petitioner has no speedy and adequate remedy at law, by appeal or otherwise. He pled guilty to the offense and was given an excessive sentence.

We also hold that it is quite necessary for us to direct the discharge of petitioner, rather than remanding this down to the court of Burleigh County, because Section 32–33–10, N.D.C.C., provides as follows:

"* * * Upon the final hearing the court must hear the parties, or such of them as may attend for that purpose, *and thereupon may give judgment either affirming, annulling, or modifying the proceedings below.*" (Emphasis supplied.)

Therefore we hold that the sentence of petitioner is modified to the extent that his confinement at the State Farm is reduced from six months to thirty days, and that he should be given credit for the time already served.

STRUTZ and ERICKSTAD, JJ., concur.

TEIGEN, Chief Justice (dissenting).

I dissent to the latter part of the majority opinion holding that certiorari will lie in this case. In all other respects I concur in the majority opinion.

It is well-settled in this State that certiorari does not lie unless the inferior court has exceeded its jurisdiction and there is no appeal or other plain, speedy or adequate remedy available to the petitioner or when in the judgment of the court it is deemed necessary to prevent miscarriage of justice. Mazakahomni v. State, 75 N.D. 73–90, 25 N.W.2d 772; State ex rel. Enderlin State Bank v. Rose, 4 N.D. 319, 58 N.W. 514, 26 L.R.A. 593; State ex rel. Clyde v. Lauder, 11 N.D. 136, 90 N.W. 564; Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16; State ex rel. Claver v. Broute, 50 N.D. 753, 197 N.W. 871; State ex rel. Noggle v. Crawford, 24 N.D. 8, 138 N.W. 2; State ex rel. Wehe v. Frazier, 47 N.D. 314, 182 N.W. 545. The laws of this State provide:

"A writ of certiorari shall be granted by the supreme court * * * when an * * * inferior court has exceeded the jurisdiction of such * * * inferior court, * * * and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice." Section 32–33–01, N.D.C.C.

"Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court * * * has pursued regularly the authority of such court * * *." Section 32–33–09, N.D.C.C.

These statutory provisions, originally enacted by the Legislative Assembly of the Territory of Dakota, have been continued in force as part of the laws of this State. In some respects these provisions are in a class by themselves. They differ both from the common law and from the statutes of many other states. In fact, the statutes and the decisions in several states differ to such a degree that in 24 C.J.S. Criminal Law § 1629b (1), it is stated:

"It is difficult to state any precise general rules as to when certiorari will lie, because of statutory regulations which have been enacted in various jurisdictions and also because of different views as to the scope of the writ which obtain."

Also, in 14 C.J.S. Certiorari § 6, it says:

"General propositions precisely defining when certiorari will lie are practically impossible of formulation because of the nature of the writ and of varying statutory provisions.

It is impossible to lay down any rule which will precisely define when certiorari will lie. This is sometimes true even as to the law of a particular state, and is especially true when it is attempted to formulate a rule broad enough to cover all jurisdictions."

In this State we have held that in all cases review on certiorari is limited to questions of jurisdiction. Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16; Livingston v. Peterson, 59 N.D. 104, 228 N.W. 816; State ex rel. Johnson v. Clark, 21 N.D. 517, 131 N.W. 715; City of Fargo v. Annexation Review Commission, N.D., 123 N.W.2d 281; Posin v. State Board of Higher Education, N.D., 86 N.W.2d 31; Common School Dist. No. 126 of Cass County v. City of Fargo, 78 N.D. 583, 51 N.W.2d 364; State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598; State ex rel. Olson v. Welford, 65 N.D. 522, 260 N.W. 593. In other words, certiorari will lie only where there is a

want or excess of jurisdiction in the proceeding sought to be reviewed. Jurisdiction has been defined as "power and authority to act with respect to any particular subject-matter." State ex rel. Dreyer v. Brekke, supra. In that case we also said that error in judgment does not constitute excessive jurisdiction reviewable on certiorari. "Jurisdiction" is power to hear and determine, and does not depend upon regularity of its exercise nor upon correctness of the decision. Baker v. Lenhart, supra. Christenson v. Grandy, 46 N.D. 418–426, 180 N.W. 18.

"Test of jurisdiction * * * is whether the tribunal has power to enter upon the inquiry, and not whether its conclusions in the course of it were right or wrong." Clark v. Rossier, 10 Idaho 348, 78 P. 358, 3 Ann.Cas. 231.

This rule that want or excess of jurisdiction is the only ground for certiorari prevails in Arizona, California, Colorado, Idaho, Montana, Nevada, North Dakota, Oklahoma, the Philippines, South Dakota and Utah. See State ex rel. Dreyer v. Brekke, supra, p. 481, of 75 North Dakota Report, 28 N.W.2d 598.

The majority opinion cites from In re Taber, 13 S.D. 62, 82 N.W. 398, and quotes with approval therefrom. The Taber case was an inquiry by habeas corpus and not certiorari, and in such a proceeding in this State habeas corpus would also be an appropriate remedy to inquire into the "authority to render the particular judgment." Section 32–22–01, authorizing habeas corpus as a remedy, provides that a person imprisoned or restrained of his liberty may obtain release from such imprisonment or restraint if it is unlawful. The question in a habeas corpus proceeding does not necessarily go to that of jurisdiction as is required in certiorari.

The majority have also quoted at length from 22 C.J.S. Criminal Law § 107. This, however, is a general section under the heading of the nature and scope of jurisdiction. I do not construe this quote to provide

that the term "jurisdiction" as applied to criminal court means the power "to declare the punishment for an offense in a regular course of judicial proceeding" within the time limits provided by the law. On the same subject, in 24 C.J.S. Criminal Law § 1559, dealing with termination of jurisdiction, we find the following:

"However, where an erroneous judgment is entered, the jurisdiction of the court continues until a lawful judgment is entered, * * *"

and

"Similarly the rendition of a void judgment does not terminate the court's jurisdiction to render a valid judgment even after the term expires."

Continuing in 24 C.J.S. Criminal Law § 1584, dealing with excess sentences, it says:

"According to the weight of authority, sometimes by express statutory requirement, where the court imposes a sentence in excess of that authorized by law, the whole sentence is not illegal and void but is valid to the extent that the court had power to impose and void merely as to such excess, provided such excess is separable and may be dealt with without disturbing the valid portion of the sentence. In other words, such sentence *is not void as being beyond the jurisdiction of the court,* but merely erroneous, and voidable on appropriate proceedings." [Emphasis supplied]

The Arkansas cases cited in the majority opinion are distinguishable. The crime charged to which the defendant pleaded was a misdemeanor punishable only by a fine. The court found that the statute did not authorize imposition of a sentence to the penitentiary. However, the trial court in those cases sentenced the defendants to long terms in the penitentiary. The entire sentence was void. The court had no jurisdiction over the offense on which it sentenced, for the reason that it was not alleged in

the charge and was not the offense of which the defendants were convicted.

In the instant case it is agreed the trial court had jurisdiction of the person and of the offense. The court was also authorized by statute to impose a sentence to the State Farm. The sentence is valid insofar as the power of the court extended, to wit: to sentence to the State Farm for a period of thirty days. State v. Ziesemer, N.D., 93 N.W.2d 803. When that part of the sentence in excess of that which could be lawfully imposed commences the petitioner has a good cause in habeas corpus. He is not without a plain, speedy, and adequate remedy. Where the petitioner has a plain, speedy and adequate remedy available to him when the lawful portion of the sentence has expired, there need be no miscarriage of justice. Further, in view of the majority decision holding that the extent of the power of the trial court to sentence was for a term not exceeding thirty days, the petitioner is placed in a position where he may petition the trial court to modify and correct its sentence or to vacate the excessive portion thereof. There is no reason why it

should be necessary to serve any of the excess.

As we said in Bishop v. Depositors' Guaranty Fund Commission, 55 N.D. 178–182, 212 N.W. 828, 829:

"Where the inferior tribunal acts within its jurisdiction, no matter how erroneous the decision may be, the reviewing court has no power to change, annul, or reverse it in a proceeding in certiorari."

See also Albrecht v. Zimmerly, 23 N.D. 337, 136 N.W. 240; State ex rel. Mayo v. Thursby-Butte Special School District, 45 N.D. 555, 178 N.W. 787; Baker v. Lenhart, supra; State ex rel. Claver v. Broute, supra; State ex rel. Craig v. North Dakota Workmen's Compensation Bureau, 53 N.D. 649, 207 N.W. 555.

It is my opinion that the majority in this case have overturned all previous decisions of this state on the subject and have also encroached upon the powers of the Legislature. It is, in my opinion, judicial legislation. The writ should be quashed.

KNUDSON, J., concurs.